1   James F. Basile (SBN 228965)
    james.basile@kirkland.com
2   Elizabeth L. Deeley (SBN 230798)
    elizabeth.deeley@kirkland.com
3   KIRKLAND & ELLIS LLP
    555 California Street
4   San Francisco, California  94104
    Telephone: (415) 439-1400
5   Facsimile: (415) 439-1500

6   Attorneys for Defendants
    FACEBOOK, INC., MARK ZUCKERBERG, DAVID A.
7   EBERSMAN, DAVID M. SPILLANE, MARC L.
    ANDREESSEN, ERSKINE B. BOWLES, JAMES W.
8   BREYER, DONALD E. GRAHAM, REED HASTINGS
    and PETER A. THIEL

9

10                    **UNITED STATES DISTRICT COURT**

11        **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

12   DARRYL LAZAR, Individually and On Behalf of      CASE NO. **CV 12 3199**
     All Others Similarly Situated,
13                                                    San Mateo County Superior Court
                         Plaintiff,                   Case No. CIV-514065
14
          v.                                          **CLASS ACTION**
15
     FACEBOOK, INC., MARK ZUCKERBERG,                 **NOTICE OF REMOVAL OF STATE
16   DAVID A. EBERSMAN, DAVID M. SPILLANE,            COURT ACTION**
     MARC L. ANDREESSEN, ERSKINE B.
17   BOWLES, JAMES W. BREYER, DONALD E.
     GRAHAM, REED HASTINGS, PETER A. THIEL,
18   MORGAN STANLEY & CO. LLC, J.P. MORGAN
     SECURITIES LLC, GOLDMAN, SACHS & CO.,
19   MERRILL LYNCH, PIERCE, FENNER & SMITH
     INCORPORATED, BARCLAYS CAPITAL INC.,
20   ALLEN & COMPANY LLC, CITIGROUP
     GLOBAL MARKETS INC., CREDIT SUISSE
21   SECURITIES (USA) LLC, DEUTSCHE BANK
     SECURITIES INC., RBC CAPITAL MARKETS,
22   LLC, BLAYLOCK ROBERT VAN LLC, BMO
     CAPITAL MARKETS CORP., C.L. KING &
23   ASSOCIATES, INC., CABRERA CAPITAL
     MARKETS, LLC, CASTLEOAK SECURITIES,
24   L.P., COWEN AND COMPANY, LLC., E*TRADE
     SECURITIES LLC, ITAÚ BBA USA
25   SECURITIES, INC., LAZARD CAPITAL
     MARKETS LLC, LEBENTHAL & CO., LLC,
26   LOOP CAPITAL MARKETS LLC, M.R. BEAL &
     COMPANY, MACQUARIE CAPITAL (USA)
27   INC., MURIEL SIEBERT & CO., INC.,
     OPPENHEIMER & CO. INC., PACIFIC CREST
28   SECURITIES LLC, PIPER JAFFRAY & CO.,

     NOTICE OF **REMOVAL** OF STATE
     COURT **CIVIL ACTION**

1    RAYMOND JAMES & ASSOCIATES, INC.,
     SAMUEL A. RAMIREZ & COMPANY, INC.,
2    STIFEL, NICOLAUS & COMPANY,
     INCORPORATED, THE WILLIAMS CAPITAL
3    GROUP, L.P., and WILLIAM BLAIR &
     COMPANY, L.L.C.,
4
                        Defendants.
5

6          Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), defendants

7    Facebook, Inc., Mark Zuckerberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen,

8    Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings, and Peter A. Thiel,

9    (collectively, "Defendants") hereby remove this case, and all claims and causes of action therein,

10   from the Superior Court of the State of California for the County of San Mateo to the United States

11   District Court for the Northern District of California.   In support of this Notice of Removal,

12   Defendants set forth the following grounds for removal:

13         1.     On or about May 23, 2012, Plaintiff Darryl Lazar commenced a civil action in the

14   Superior Court of the State of California for the County of San Mateo, captioned *Lazar v. Facebook,*

15   *Inc., et al.*, Case No. CIV-514065 (the "State Court Action").   True and accurate copies of the

16   Summons and Complaint are attached as Exhibit A.

17         2.     Defendants have not pled, answered, or otherwise appeared in the State Court Action.

18         3.     This Notice of Removal is being filed before the expiration of 30 days after service of

19   the Summons and Complaint, and is thus timely filed under 28 U.S.C. § 1446(b).

20         4.     This action is within the original jurisdiction of this Court under 28 U.S.C. § 1331

21   and 15 U.S.C. § 77v(a).   The State Court Action is a putative nationwide class action brought against

22   Facebook, certain officers and directors of Facebook, and certain underwriters of Facebook's May

23   18, 2012 initial public offering ("IPO") on the NASDAQ stock exchange.   The State Court Action

24   alleges violations of the Securities Act of 1933 (the "Securities Act").

25         5.     There are at least 20 cases already pending in the federal district courts that allege

26   claims under the Securities Act.   Four are pending in the District Court for the Northern District of

27   California; 16 are pending in the District Court for the Southern District of New York.   The four

28

     NOTICE OF REMOVAL OF STATE               1
     COURT CIVIL ACTION

1   cases in the Northern District of California have been marked as related and are pending before the

2   Honorable Maxine M. Chesney.

3       6.      On June 18, 2012, Facebook, certain of its officers and directors, and certain of the

4   underwriter defendants filed with the Judicial Panel on Multidistrict Litigation a Motion to Transfer

5   Actions to the Southern District of New York Pursuant to 28 U.S.C. § 1407 for Coordinated and/or

6   Consolidated Pretrial Proceedings (the "MDL Motion").

7       7.      This Court has jurisdiction over this case under two federal statutes:  28 U.S.C.

8   § 1331 and Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a).  This case is therefore removable

9   under 28 U.S.C. § 1441.  Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by

10  Act of Congress, any civil action brought in a State court of which the district courts of the United

11  States have original jurisdiction, may be removed … to the district court of the United States …

12  embracing the place where such action is pending."

13  **Section 22(a) Provides Exclusive Federal Jurisdiction Over Securities Act**

14  **Claims Involving "Covered Class Actions."**

15      8.      Section 22(a) is the jurisdictional provision of the Securities Act.  As originally

16  written, Section 22(a) provided for concurrent jurisdiction between state and federal courts over

17  Securities Act claims.  15 U.S.C. § 77v(a) (1933).  The Securities Litigation Uniform Standards Act

18  of 1998 ("SLUSA"), 15 U.S.C. § 77p(c), amended Section 22(a) to provide that there will be some

19  claims or cases brought under the Securities Act over which a state court will no longer have

20  concurrent jurisdiction:

> The district courts of the United States … shall have jurisdiction of offenses and
> violations under this subchapter and under the rules and regulations promulgated by
> the Commission in respect thereto, and, concurrent with State and Territorial courts,
> *except as provided in [Section 16] of this title with respect to covered class actions*,
> of all suits in equity and actions at law brought to enforce any liability or duty created
> by this subchapter.

25  15 U.S.C. § 77v(a) (emphasis added to SLUSA amendments).  As amended, Section 22(a) deprives

26  state courts of concurrent jurisdiction over "covered class actions" that raise Securities Act claims.

27  *See Knox v. Agria Corp.*, 613 F. Supp. 2d 419, 425 (S.D.N.Y. 2009); *see also In re Fannie Mae*

28  *2008 Sec. Litig.*, No. 08 Civ. 7831, 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009); *Rovner v.*

NOTICE OF REMOVAL OF STATE            2
COURT CIVIL ACTION

1     *Vonage Holdings Corp.*, No. 07-178, 2007 WL 446658, at \*3-4 (D.N.J. Feb. 7, 2007).

2         9.      Section 16(f) defines "covered class actions" as including

3         any single lawsuit in which … one or more named parties seek to recover damages on
a representative basis on behalf of themselves and other unnamed parties similarly
4         situated, and questions of law or fact common to those persons or members of the
prospective class predominate over any questions affecting only individual persons or
5         members.

6   15 U.S.C. § 77p(f)(2)(A)(i)(II). Plaintiff is a named party seeking to recover damages on a

7   representative basis on behalf of himself and other unnamed parties similarly situated, and common

8   questions of law or fact allegedly predominate over individual questions. (*See* Exhibit A.) Plaintiff

9   also is bringing claims under the Securities Act. This action therefore is a "covered class action"

10   within the meaning of Section 16. Accordingly, state courts do not have jurisdiction over Plaintiff's

11   putative class action. Federal courts alone have jurisdiction to hear Plaintiff's putative class action

12   claims under the Securities Act. *See Knox*, 613 F. Supp. 2d at 423.

13         **Section 22(a)'s Removal Ban Does Not Apply.**

14         10.      Section 22(a) of the Securities Act also includes an anti-removal provision, which

15   originally prohibited the removal of any Securities Act cases that were brought in state court. As

16   amended by SLUSA, however, Section 22(a) now provides as follows: "*[e]xcept as provided in*

17   *section [16(c)] of [the Securities Act],* no case arising under [the Securities Act] and brought in any

18   State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C.

19   § 77v(a) (italics added to SLUSA amendments; underscoring added). This anti-removal provision

20   does not apply here for two independent reasons.

21         11.      The first is that Section 22(a)'s anti-removal provision only prohibits the removal of

22   cases brought in a "State court of competent jurisdiction." 15 U.S.C. § 77v(a). As discussed above,

23   state courts no longer have jurisdiction to adjudicate a "covered class action" raising Securities Act

24   claims and are therefore no longer courts of competent jurisdiction with respect to such claims. *See*

25   *Knox*, 613 F. Supp. 2d at 423. Accordingly, Section 22(a)'s anti-removal provision does not apply

26   to this action. *See id.* at 425.

27         12.      The Court need not reach the second reason why Section 22(a)'s anti-removal

28   provision does not apply, which is supplied by Section 16(c). Section 16(c) allows the removal of

NOTICE OF REMOVAL OF STATE       3
COURT CIVIL ACTION

1    "[a]ny covered class action brought in any State court involving a covered security, as set forth in

2    subsection (b)," 15 U.S.C. § 77p(c), which subsection "makes some state-law claims nonactionable

3    through the class-action device in federal as well as state court." *Kircher v. Putnam Funds Trust*,

4    547 U.S. 633, 637, n.1 (2006) (discussing Section 16(b), 15 U.S.C. § 77p(b)).   District courts are

5    divided on the question whether Section 16(c) provides a basis for removing covered class actions

6    that raise only *federal* claims under the Securities Act.   Some courts have interpreted Section 16(c)

7    to allow the removal of "covered class actions" raising either state law claims or Securities Act

8    claims.   *See, e.g., Rubin v. Pixelplus Co.*, No. 06 Civ. 2964, 2007 WL 778485, at *3-4 (E.D.N.Y.

9    Mar. 13, 2007); *Brody v. Homestore, Inc.*, 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003).   Other

10   courts, however, have interpreted Section 16(c) as permitting removal of "only those 'covered class

11   actions' described in § 77p(b) alleging omission or deception based upon *state law* ...." *Young v.*

12   *Pacific Biosciences of Cal., Inc.*, No. 11-cv-5668, 2012 WL 851509, at *3-4 (N.D. Cal. Mar. 13,

13   2012); *see also West Virginia Laborers Trust Fund v. STEC Inc.*, No. SACV 11–01171, 2011 WL

14   6156945, at *4 (C.D. Cal. Oct. 7, 2011) (discussing the different interpretations and holding that

15   "subsection (c) only allows for removal of actions based on state law").[1]

16          13.   In any event, the Court need not address this division of authority over the scope of

17   Section 16(c)'s exception to Section 22(a)'s anti-removal provision.   That is because the logically

18   prior question — which *Young* did not address — is whether Section 22(a)'s anti-removal provision

19   applies to this case in the first instance.   It does not.   As discussed *supra*, Section 22(a) prohibits

20   removal only of cases over which the state courts have "competent jurisdiction."   Because the state

21   court had no jurisdiction over Plaintiff's "covered class action," as the result of SLUSA, Section

22

23   [1]    *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1032 (9th Cir. 2008), is
     inapposite.   In *Luther*, the Ninth Circuit held that "the Class Action Fairness Act of 2005, which
24   permits in general the removal to federal court of high-dollar class actions involving diverse parties,
     does not supersede § 22(a)'s *specific* bar against removal of cases arising under the [Securities] Act."
25   The court did not address whether the SLUSA amendments to Section 22(a) strip state courts of
     jurisdiction over class actions raising claims under the Securities Act.   Nor did the court have
26   occasion to address whether the SLUSA amendments to Section 22(a) create an exception to Section
     22(a)'s anti-removal provision because the parties agreed that the mortgage pass-through certificates
27   at issue were not "covered securities." *Id.* at 1033 n.1; *cf. Madden v. Cowen & Co.*, 576 F.3d 957,
     965 (9th Cir. 2009) (observing in the context of a removed state-law action that "any suit removable
28   under SLUSA's removal provision, § 77p(c), is precluded under SLUSA's preclusion provision,
     § 77p(b), and any suit not precluded is not removable").

22(a)'s anti-removal provision does not apply and does not prohibit removal of this case. Removal is thus proper under 28 U.S.C. § 1441.

14.     Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of the State of California for the County of San Mateo, pursuant to 28 U.S.C. § 1446(d).

15.     Undersigned counsel certify that all of the defendants in this action consent to removal.

**CONCLUSION**

16.     WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 15 U.S.C. § 77v(a), Defendants remove this action in its entirety from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California, San Francisco Division.

DATED:  June 20, 2012

Andrew B. Clubok (*pro hac vice* forthcoming)
Brant W. Bishop, P.C. (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

_____
James F. Basile
Elizabeth L. Deeley
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Richard D. Bernstein
Tariq Mundiya
Todd G. Cosenza
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, N.Y. 10019-6099, U.S.A.
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Counsel for Facebook, Inc., Mark Zuckerberg, David A. Ebersman, David M. Spillane, Marc L. Andreessen, Erskine B. Bowles, James W. Breyer, Donald E. Graham, Reed Hastings and Peter A. Thiel*

NOTICE OF REMOVAL OF STATE
COURT CIVIL ACTION                          5

**CERTIFICATE OF SERVICE**

      I, Patrick Postolka, am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 555 California Street, San Francisco, California 94104.

      On June 20, 2012, I served a copy of the following document(s) described as:

**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION**

on the interested parties in this action as follows:

☐    **By Facsimile**

By transmitting via facsimile, the document(s) listed above to the fax number set forth below on this date before 5:00 p.m. I am aware that service is presumed invalid unless the transmission machine properly issues a transmission report stating the transmission is complete and without error.

☐    **By U.S. Mail**

By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, to the addressee(s) set forth below.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing.

☒    **By Overnight Mail**

By causing the document(s) listed above to be delivered to the addressee(s) set forth below on the following business morning by Federal Express Corporation or Express Mail.

☐    **By Personal or Messenger Service**

By causing the document(s) listed above to be personally served in such envelope by hand to the person at the address(s) set forth below:

**See Attached Service List**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2012, at San Francisco, California.

_____
                        Patrick Postolka

CERTIFICATE OF SERVICE         1

1

<u>**SERVICE LIST**</u>

2

| | |
|---|---|
| Lionel Z. Glancy<br>Michael Goldberg<br>Robert V. Prongay<br>Casey E. Sadler<br>GLANCY BINKOW & GOLDBERG LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Telephone: 310-201-9150<br>Facsimile: 310-201-9160<br><br>*Attorneys for Plaintiff and Co-Lead Class Counsel* | Frank J. Johnson<br>David Elliot<br>JOHNSON & WEAVER, LLP<br>110 West "A" Street, Suite 750<br>San Diego, California 92101<br>Telephone: 619-230-0063<br>Facsimile: 619-255-1856<br><br>*Co-Lead Class Counsel* |
| Stephen R. Basser<br>Samuel M. Ward<br>BARRACK, RODOS & BACINE<br>One America Plaza<br>600 West Broadway, Suite 900<br>San Diego, California 92101<br>Telephone: 619-230-0800<br>Facsimile: 619-230-1874<br><br>*Co-Lead Class Counsel* | Neal A. Potischman<br>Samantha H. Knox<br>DAVIS POLK & WARDWELL LLP<br>1600 El Camino Real<br>Menlo Park, CA 94025<br>Telephone: (650) 752-2000<br>Facsimile: (650) 752-2111<br><br>*Attorneys for Defendants Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Allen & Company LLC, Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., RBC Capital Markets, LLC, Blaylock Robert Van LLC, BMO Capital Markets Corp., C.L. King & Associates, Inc., Cabrera Capital Markets, LLC, Castleoak Securities, L.P., Cowen and Company, LLC., E\*Trade Securities LLC, Itaú BBA USA Securities, Inc., Lazard Capital Markets LLC, Lebenthal & Co., LLC, Loop Capital Markets LLC, M.R. Beal & Company, Macquarie Capital (USA) Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Pacific Crest Securities LLC, Piper Jaffray & Co., Raymond James & Associates, Inc., Samuel A. Ramirez & Company, Inc., Stifel, Nicolaus & Company, Incorporated, The Williams Capital Group, L.P., and William Blair & Company, L.L.C.* |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  LIONEL Z. GLANCY (#134180)
2  MICHAEL GOLDBERG (#188669)
   ROBERT V. PRONGAY (#270796)
3  CASEY E. SADLER (#274241)
   GLANCY BINKOW & GOLDBERG LLP
4  1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
   Telephone:    (310) 201-9150
6  Facsimile:    (310) 201-9160
   Email:        info@glancylaw.com
7
8  *Attorneys for Plaintiff Darryl Lazar*

ENDORSED FILED
SAN MATEO COUNTY

MAY 2 2 2012

Clerk of the Superior Court
By _____ G. MARQUEZ
       DEPUTY CLERK

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10              FOR THE COUNTY OF SAN MATEO

11  DARRYL LAZAR, Individually and On    Case No.
    Behalf of All Others Similarly Situated,                CIV 5 1 4 0 6 5
12
13              Plaintiff,               **CLASS ACTION**
14                   v.
15  FACEBOOK, INC., MARK                 **COMPLAINT**
16  ZUCKERBERG, DAVID A. EBERSMAN,
    DAVID M. SPILLANE,  MARC L.          **DEMAND FOR JURY TRIAL**
17  ANDREESSEN,  ERSKINE B. BOWLES,
    JAMES W. BREYER, DONALD E.
18  GRAHAM, REED HASTINGS, PETER A.
    THIEL, MORGAN STANLEY & CO.
19  LLC, J.P. MORGAN SECURITIES LLC,
20  GOLDMAN, SACHS & CO., MERRILL
    LYNCH, PIERCE, FENNER & SMITH
21  INCORPORATED, BARCLAYS
    CAPITAL INC., ALLEN & COMPANY
22  LLC, CITIGROUP GLOBAL MARKETS
23  INC., CREDIT SUISSE SECURITIES
    (USA) LLC, DEUTSCHE BANK
24  SECURITIES INC., RBC CAPITAL
    MARKETS, LLC, BLAYLOCK ROBERT
25  VAN LLC, BMO CAPITAL MARKETS
26  CORP., C.L. KING & ASSOCIATES,
    INC., CABRERA CAPITAL MARKETS,
27  LLC, CASTLEOAK SECURITIES, L.P.,
28  COWEN AND COMPANY, LLC,

                       COMPLAINT

1   E*TRADE SECURITIES LLC, ITAÚ
    BBA USA SECURITIES, INC., LAZARD
2   CAPITAL MARKETS LLC,
    LEBENTHAL & CO., LLC, LOOP
3   CAPITAL MARKETS LLC, M.R. BEAL
    & COMPANY, MACQUARIE CAPITAL
4   (USA) INC., MURIEL SIEBERT & CO.,
    INC., OPPENHEIMER & CO. INC.,
5   PACIFIC CREST SECURITIES LLC,
    PIPER JAFFRAY & CO., RAYMOND
6   JAMES & ASSOCIATES, INC.,
    SAMUEL A. RAMIREZ & COMPANY,
7   INC., STIFEL, NICOLAUS &
    COMPANY, INCORPORATED, THE
8   WILLIAMS CAPITAL GROUP, L.P., and
    WILLIAM BLAIR & COMPANY, L.L.C.,
9
10
11              Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Plaintiff Darryl Lazar ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge.  Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Facebook, Inc. ("Facebook" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Facebook; and (c) review of other publicly available information concerning Facebook.

## NATURE AND SUMMARY OF THE ACTION

1.      This is a class action on behalf of persons and/or entities who purchased or otherwise acquired the common stock of Facebook pursuant and/or traceable to the Company's initial public offering (the "IPO" or the "Offering").

2.      Facebook operates as a social networking company worldwide.

3.      The claims in this action arise from the materially false and/or misleading Registration Statement and Prospectus issued in connection with the Offering.  In the IPO, the Company offered for sale 421,233,615 shares of common stock at a price of $38.00 per share, of which 180,000,000 shares of Class A common were offered by the Company and 241,233,615 shares of Class A common stock were offered by existing stockholders.  According to the Company, Facebook expects to receive net proceeds of approximately $6,764,760,000 and selling stockholders expect to receive $9,066,041,719 from the Offering, after deducting underwriting discounts, commissions and offering related transaction costs.

4.      As detailed below, the Registration Statement and Prospectus contained materially false and misleading statements and omitted material information in violation of

Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77k and 77o.

## JURISDICTION AND VENUE

5.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o). This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, which explicitly states that "[e]xcept as provided in section 16(c), no case arising under this title and brought *in any State court* of competent jurisdiction shall be removed to any court in the United States." Section 16(c) of the Securities Act refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting claims *under state or common law*. This is an action asserting federal law claims. Thus, it does not fall within the definition of a "covered class action" under §16c) and therefore is not removable to federal court under the Securities Litigation Uniform Standards Act of 1998.

6.      Each Defendant has sufficient contacts with California, or otherwise purposefully avails itself of benefits from California or has property in California so as to render the exercise of jurisdiction over each by the California courts consistent with traditional notions of fair play and substantial justice.

7.      The amount in controversy exceeds the jurisdictional minimum of this Court, and the total amount of damages sought exceeds $25,000.

8.      Venue is proper in this Court pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v. Defendant Facebook's principal executive offices are located within this County, the individual defendants conduct business in this County, and many of the acts and transactions alleged herein, including the preparation and dissemination of materially false and/or misleading

information, occurred in substantial part in this County.

**PARTIES**

9.      Plaintiff Darryl Lazar purchased Facebook securities pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO and has been damaged thereby.

10.     Defendant Facebook is a Delaware corporation with its principal executive offices located at 1601 Willow Road, Menlo Park, California 94025.

11.     Defendant Mark Zuckerberg ("Zuckerberg") was, at all relevant times, Chairman and Chief Executive Officer ("CEO") of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

12.     Defendant David A. Ebersman ("Ebersman") was, at all relevant times Chief Financial Officer ("CFO") of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

13.     Defendant David M. Spillane ("Spillane") was, at all relevant times, Director of Accounting for Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

14.     Defendant Marc L. Andreessen ("Andreessen") was, at all relevant times, a director of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

15.     Defendant Erskine B. Bowles ("Bowles") was, at all relevant times, a director of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

16.     Defendant James W. Breyer ("Breyer") was, at all relevant times, a director of

COMPLAINT
- 3 -

Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

17.     Defendant Donald E. Graham ("Graham") was, at all relevant times, a director of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18.     Defendant Reed Hastings ("Hastings") was, at all relevant times, a director of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

19.     Defendant Peter A. Thiel ("Thiel") was, at all relevant times, a director of Facebook and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

20.     Defendants Zuckerberg, Ebersman, Spillane, Andreessen, Bowles, Breyer, Graham, Hastings and Thiel, are collectively referred to hereinafter as the "Individual Defendants."

21.     Defendant Morgan Stanley & Co. LLC ("Morgan Stanley") served as an underwriter to Facebook in connection with the Offering.

22.     Defendant J.P. Morgan Securities LLC ("J.P. Morgan") served as an underwriter to Facebook in connection with the Offering.

23.     Defendant Goldman, Sachs & Co. ("Goldman Sachs") served as an underwriter to Facebook in connection with the Offering.

24.     Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") served as an underwriter to Facebook in connection with the Offering.

25.     Defendant Barclays Capital Inc. ("Barclays") served as an underwriter to

Facebook in connection with the Offering.

26.     Defendant Allen & Company LLC ("Allen") served as an underwriter to Facebook in connection with the Offering.

27.     Defendant Citigroup Global Markets Inc. ("Citi") served as an underwriter to Facebook in connection with the Offering.

28.     Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") served as an underwriter to Facebook in connection with the Offering.

29.     Defendant Deutsche Bank Securities Inc. ("Deutsche") served as an underwriter to Facebook in connection with the Offering.

30.     Defendant RBC Capital Markets, LLC ("RBC") served as an underwriter to Facebook in connection with the Offering.

31.     Defendant Blaylock Robert Van LLC ("Blaylock") served as an underwriter to Facebook in connection with the Offering.

32.     Defendant BMO Capital Markets Corp. ("BMO") served as an underwriter to Facebook in connection with the Offering.

33.     Defendant C.L. King & Associates, Inc. ("C.L. King") served as an underwriter to Facebook in connection with the Offering.

34.     Defendant Cabrera Capital Markets, LLC ("Cabrera") served as an underwriter to Facebook in connection with the Offering.

35.     Defendant CastleOak Securities, L.P. ("CastleOak") served as an underwriter to Facebook in connection with the Offering.

36.     Defendant Cowen and Company, LLC. ("Cowen") served as an underwriter to Facebook in connection with the Offering.

COMPLAINT
- 5 -

37.     Defendant E*TRADE Securities LLC ("E*TRADE") served as an underwriter to Facebook in connection with the Offering.

38.     Defendant Itaú BBA USA Securities, Inc. ("Itaú") served as an underwriter to Facebook in connection with the Offering.

39.     Defendant Lazard Capital Markets LLC ("Lazard") served as an underwriter to Facebook in connection with the Offering.

40.     Defendant Lebenthal & Co., LLC ("Lebenthal") served as an underwriter to Facebook in connection with the Offering.

41.     Defendant Loop Capital Markets LLC ("Loop") served as an underwriter to Facebook in connection with the Offering.

42.     Defendant M.R. Beal & Company ("M.R. Beal") served as an underwriter to Facebook in connection with the Offering.

43.     Defendant Macquarie Capital (USA) Inc. ("Macquarie") served as an underwriter to Facebook in connection with the Offering.

44.     Defendant Muriel Siebert & Co., Inc. ("Muriel") served as an underwriter to Facebook in connection with the Offering.

45.     Defendant Oppenheimer & Co. Inc. ("Oppenheimer") served as an underwriter to Facebook in connection with the Offering.

46.     Defendant Pacific Crest Securities LLC ("Pacific Crest") served as an underwriter to Facebook in connection with the Offering.

47.     Defendant Piper Jaffray & Co. ("Piper Jaffray") served as an underwriter to Facebook in connection with the Offering.

48.     Defendant Raymond James & Associates, Inc. ("Raymond James") served as an

1    underwriter to Facebook in connection with the Offering.

2        49.    Defendant Samuel A. Ramirez & Company, Inc. ("Ramirez") served as an

3    underwriter to Facebook in connection with the Offering.

4        50.    Defendant Stifel, Nicolaus & Company, Incorporated ("Stifel") served as an

5

6    underwriter to Facebook in connection with the Offering.

7        51.    Defendant The Williams Capital Group, L.P. ("Williams") served as an

8    underwriter to Facebook in connection with the Offering.

9        52.    Defendant William Blair & Company, L.L.C. ("William Blair") served as an

10

11    underwriter to Facebook in connection with the Offering.

12        53.    Defendants Morgan Stanley, J.P. Morgan, Goldman Sachs, Merrill Lynch,

13    Barclays, Allen, Citigroup, Credit Suisse, Deutsche, RBC, Blaylock, BMO, C.L. King, Cabrera,

14    CastleOak, Cowen, E*Trade, Itaú, Lazard, Lebenthal, Loop, M.R. Beal, Macquarie, Muriel,

15    Oppenheimer, Pacific Crest, Piper Jaffray, Raymond James, Ramirez, Stifel, Williams, and

16    William Blair, are collectively referred to hereinafter as the "Underwriter Defendants."

17

18                  **CLASS ACTION ALLEGATIONS**

19        54.    Plaintiff brings this action as a class action pursuant to California Code of Civil

20    Procedure Section 382 on behalf of a Class, consisting of all persons and/or entities who

21    purchased or otherwise acquired the common stock of Facebook pursuant and/or traceable to the

22    Company's false and/or misleading Registration Statement and Prospectus issued in connection

23    with the Company's IPO, and who were damaged thereby (the "Class").  Excluded from the

24    Class are Defendants, the officers and directors of the Company, at all relevant times, members

25    of their immediate families and their legal representatives, heirs, successors or assigns and any

26

27    entity in which Defendants have or had a controlling interest.

28

55.     The members of the Class are so numerous that joinder of all members is impracticable.   During the relevant period, Facebook's securities were actively traded on the NASDAQ Stock Exchange (the "NASDAQ").   While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.   The Company offered more than 420 million shares of common stock in the IPO.  Moreover, record owners and other members of the Class may be identified from records maintained by Facebook or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

56.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

57.     Plaintiff will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class and securities litigation.

58.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)     whether the Securities Act was violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public in connection with the Company's IPO omitted and/or misrepresented material facts about the business, operations, and prospects of Facebook; and

COMPLAINT
- 8 -

(c)    to what extent the members of the Class have sustained damages and the proper measure of damages.

59.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## BACKGROUND

60.    Facebook operates as a social networking company worldwide.

61.    On or about February 1, 2012, Facebook filed a registration statement with the SEC on Form S-1.  Thereafter, the Company repeatedly amended the Form S-1, including on or about May 16, 2012, when Facebook filed with the SEC the final Form S-1/A (collectively, the "Registration Statement") for the IPO.

62.    On or around May 18, 2012, the Company filed with the SEC its IPO Prospectus (the "Prospectus"), which forms part of the "Registration Statement" that was declared effective on May 17, 2018.

63.    In the IPO, the Company offered for sale 421,233,615 shares of common stock at a price of $38.00 per share, of which 180,000,000 shares of Class A common were offered by the Company and 241,233,615 shares of Class A common stock were offered by existing stockholders.  According to the Company, it expected to receive net proceeds of approximately $6.8 billion from its IPO after deducting underwriting discounts and commissions, and offering expenses.

## FACEBOOK'S FALSE AND/OR MISLEADING REGISTRATION STATEMENT AND PROSPECTUS

64.     Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

65.     However, the Registration Statement failed to disclose that during the IPO roadshow, the lead underwriters, including, Defendants Morgan Stanley, J.P. Morgan, and Goldman Sachs, all cut their earnings forecasts and that news of the estimate cut was passed on only to a handful of large investor clients, not to the public.   Therefore, the Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing their preparation.

66.     On May 19, 2012, Henry Blodget published an article entitled, "If This Really Happened During The Facebook IPO, Buyers Should Be Mad As Hell..." Therein, the article, in relevant part, stated:

> Part way through the Facebook IPO roadshow, scattered reports appeared that Facebook had reduced the earnings guidance it was giving research analysts..
> This seemed bizarre on a number of levels.
>
> First, I was unaware that Facebook had ever *issued* any earnings guidance--to research analysts or anyone else.
>
> Earnings guidance is *highly material information* (meaning that any investor considering an investment decision would want to know it). It represents a future forecast made by the company. Any time any company gives any sort of forecast, stocks move--because the forecast offers a very well informed view of the future by those who have the most up-to-date information about a company's business.
>
> So if Facebook had issued any sort of guidance, even quietly, this should have been made very public by the company and its bankers--especially because millions of individual investors were thinking of buying the stock.

Second, if Facebook really had "reduced guidance" mid-way through a series of meetings designed for the sole purpose of selling the stock this would have been *even more highly material information.*

Why?

Because such a late change in guidance would mean that Facebook's business was deteriorating rapidly--between the start of the roadshow and the middle of the roadshow.

Any time a business outlook deteriorates that rapidly, alarm bells start going off on Wall Street, and stocks plunge.

So the report that Facebook had "reduced earnings guidance" during the roadshow just seemed like a typical misunderstanding between Wall Street and the public-- something lost in translation between what a reporter was hearing from sources and what actually made it into print.

But now Reuters has just reported the same thing again. Here's a sentence from a story Reuters just published on the IPO:

Facebook also altered its guidance for research earnings last week, during the road show, a rare and disruptive move.

Hmmm.

If this really happened, anyone who placed an order for Facebook who was unaware that 1) Facebook had issued any sort of earnings guidance, and 2) reduced that guidance during the roadshow, has every right to be furious.

Because this would have been highly material information that some investors had and others didn't--the exact sort of unfair asymmetry that securities laws are designed to prevent.

This seems so obvious that I'm still very skeptical of the report. I'll now look into it. In the meantime, if anyone knows what Facebook did and didn't tell analysts, I'd be grateful for your help.

67.     On this news, shares of the Company's stock declined $4.20 per share, or 10.99%, to close on May 21, 2012, at $34.03 per share, on unusually heavy trading volume.

68.     On May 22, 2012, Henry Blodget published an article entitled, "Facebook Bankers Secretly Cut Facebook's Revenue Estimates in Middle of IPO Roadshow." Therein, the

COMPLAINT
- 11 -

article, in relevant part, stated:

> And now comes some news about the Facebook (FB) IPO that buyers deserve to be outraged about.
>
> Reuters' Alistair Barr is reporting that Facebook's lead underwriters, Morgan Stanley (MS), JP Morgan (JPM), and Goldman Sachs (GS) all cut their earnings forecasts for the company in the middle of the IPO roadshow.
>
> This by itself is highly unusual (I've never seen it during 20 years in and around the tech IPO business).
>
> But, just as important, news of the estimate cut was passed on only to a handful of big investor clients, not everyone else who was considering an investment in Facebook.
>
> This is a huge problem, for one big reason:
>
> > • Selective dissemination. Earnings forecasts are material information, especially when they are prepared by analysts who have had privileged access to company management. As lead underwriters on the IPO, these analysts would have had much better information about the company than anyone else. So the fact that these analysts suddenly all cut their earnings forecasts at the same time, during the roadshow, and then this information was not passed on to the broader public, is a huge problem.
>
> Any investor considering an investment in Facebook would consider an estimate cut from the underwriters' analysts "material information."
>
> What's more, it's likely that news of these estimate cuts dampened interest in the IPO among those who heard about them. (Reuters reported exactly this--that some institutions were "freaked out" by the estimate cuts, as anyone would have been.)
>
> In other words, during the marketing of the Facebook IPO, investors who did not hear about these underwriter estimate cuts were placed at a meaningful and unfair information disadvantage. They did not know what a lot of other investors knew, and they suffered for it.
>
> Selective dissemination of this sort could be a direct violation of securities laws. Irrespective of its legality, it is also grossly unfair. The SEC should investigate this immediately.
>
> We first heard rumblings about this last week, and we were so startled that we assumed the reports were wrong. Then, over the weekend, when Reuters reported the basic story again, we said that if it was true, Facebook IPO buyers deserved to

be "mad as hell" about it. And now Reuters has the details, and they sound as bad as we had feared.

There are a couple of possibilities for what happened.

The first one is bad news for Morgan Stanley and the other lead underwriters on the deal.

The second is also bad news for Facebook.

According to Reuters, the underwriter analysts cut their estimates after Facebook issued an amended IPO prospectus in which the company mentioned, vaguely, that recent trends in which users were growing faster than revenue had continued into the second quarter.

To those experienced in reading financial statements, this language was unnerving, because its mere existence could have been taken to mean that Facebook's revenue in the second quarter wasn't coming in as strong as Facebook had hoped (why else would the language have suddenly been added at the 11th hour?)

To those who aren't experienced at reading filings, however, the real meaning of this language could easily have been missed. Facebook's users have been growing faster than revenue for a while, so why would it be news that this was continuing? In response to the amendment, meanwhile, all three lead underwriter analysts suddenly cut their estimates.

Now, regardless of why the analysts cut their estimates (and this will be important), estimate cuts of any sort are material information, so if this news was given to some institutional clients, it also obviously should have been given to everyone.

That's the first problem.

The second potential question and problem is whether Facebook told the underwriters to cut their estimates—either by directly telling them to, or, more likely, by "suggesting" that the analysts might want to revisit their estimates in light of the new disclosures in the prospectus.

If there was any communication at all between Facebook and its underwriters regarding the analysts' estimates, Facebook will likely be on the hook for this, too. Speaking as a former analyst, it seems highly unlikely to me that the vague language in the final IPO amendment would prompt all three underwriter analysts to immediately cut estimates without some sort of nod and wink from someone who knew how Facebook's second quarter was progressing. (To get this message from the language, you really have to read between the lines). But even if this is

COMPLAINT
- 13 -

what happened, it is still unfair that news of the estimate cut wasn't disseminated quickly and clearly to everyone considering buying Facebook's IPO.

The bottom line is that, even if dissemination laws were followed to the letter (which frankly seems unlikely), the selective disclosure here was grossly unfair. The SEC needs to look into this.

And as it does, the SEC should also revisit the practice that allows underwriter analysts to develop estimates that are used to market IPOs to institutional clients but are not shared with the public. In Europe, research analysts publish full reports on companies BEFORE they go public. This is a much better system, and the U.S. should switch to it. But at the very least, the SEC should mandate that any information given to some clients (e.g., earnings estimates and changes in earnings estimates) be given to all clients.

69.      On this news, shares of the Company's stock again declined precipitously, trading as low as $30.98 per share.

## FIRST CLAIM
### Violation of Section 11 of The Securities Act
### (Against All Defendants)

70.      Plaintiff repeats and realleges each and every allegation contained above, except any allegation of fraud, recklessness or intentional misconduct.

71.      This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against all Defendants.

72.      The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

73.      Facebook is the registrant for the IPO.  The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

74.      As issuer of the shares, Facebook is strictly liable to Plaintiff and the Class for the misstatements and omissions.

75.      None of the Defendants named herein made a reasonable investigation or

1  possessed reasonable grounds for the belief that the statements contained in the Registration

2  Statement were true and without omissions of any material facts and were not misleading.

3      76.    By reasons of the conduct herein alleged, each Defendant violated, and/or

4  controlled a person who violated Section 11 of the Securities Act.

5

6      77.    Plaintiff acquired Facebook shares pursuant and/or traceable to the Registration

7  Statement for the IPO.

8      78.    Plaintiff and the Class have sustained damages.  The value of Facebook common

9  stock has declined substantially subsequent to and due to Defendants' violations.

10
                              **SECOND CLAIM**
11                 **Violation of Section 15 of The Securities Act**
                     **(Against the Individual Defendants)**
12

13      79.    Plaintiff repeats and realleges each and every allegation contained above, except

14  any allegation of fraud, recklessness or intentional misconduct.

15      80.    This count is asserted against the Individual Defendants and is based upon Section

16  15 of the Securities Act.

17

18      81.    Individual Defendants, by virtue of their offices, directorship and specific acts

19  were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of

20  Facebook within the meaning of Section 15 of the Securities Act.  The Individual Defendants

21  had the power and influence and exercised the same to cause Facebook to engage in the acts

22  described herein.

23

24      82.    Individual Defendants' positions made them privy to and provided them with

25  actual knowledge of the material facts concealed from Plaintiff and the Class.

26      83.    By virtue of the conduct alleged herein, the Individual Defendants are liable for

27  the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

28

1

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

2

(a)   Determining that this action is a proper class action under California Code of

3

Civil Procedure Section 382;

4

5

(b)   Awarding compensatory damages in favor of Plaintiff and the other Class

members against all Defendants, jointly and severally, for all damages sustained as a result of

6

7

Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

8

(c)   Awarding Plaintiff and the Class their reasonable costs and expenses incurred in

9

this action, including counsel fees and expert fees;

10

11

(d)   Awarding rescission or a rescissory measure of damages; and

12

(e)   Such other and further relief as the Court may deem just and proper.

13

**JURY TRIAL DEMANDED**

14

Plaintiff hereby demands a trial by jury.

15

Dated: May 22, 2012                           **GLANCY BINKOW & GOLDBERG LLP**

16

17

By: _____

18

Lionel Z. Glancy
Michael Goldberg

19

Robert V. Prongay
Casey E. Sadler

20

1925 Century Park East, Suite 2100

21

Los Angeles, California 90067
Telephone:     (310) 201-9150

22

Facsimile:      (310) 201-9160

23

*Attorneys for Plaintiff Darryl Lazar*

24

25

26

27

28

COMPLAINT
- 16 -

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FACEBOOK, INC. [See Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DARRYL LAZAR

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
SAN MATEO COUNTY

MAY 2 2 2012

Clerk of the Superior Court
By   **G. MARQUEZ**
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* San Mateo Superior Court <br><br> Southern Branch - Hall of Justice - 400 County Center, Redwood City, California, 94063 | **CASE NUMBER:** <br> *(Número del Caso):* **CIV 5 1 4 0 6 5** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert V. Prongay, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, Telephone: (310) 201-9150

| | | | |
|---|---|---|---|
| DATE: <br> *(Fecha)* | MAY 2 2 2012 | **JOHN C. FITTON** <br> Clerk, by <br> *(Secretario)* | **G. MARQUEZ** , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Lazar v. Facebook, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, ALLEN & COMPANY LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL MARKETS, LLC, CASTLEOAK SECURITIES, L.P., COWEN AND COMPANY, LLC., E*TRADE SECURITIES LLC, ITAÚ BBA USA SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert V. Prongay (SBN 270796)<br>Glancy Binkow & Goldberg LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 201-9150   FAX NO.: (310) 201-9160<br>ATTORNEY FOR *(Name):* Plaintiff Darryl Lazar | **RECEIVED**<br><br>MAY 22 2012<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch

CASE NAME:
Lazar v. Facebook, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIV 514065 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [✓] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
  c. [✓] Substantial amount of documentary evidence          f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 2 – Violations of Section 11 and 15 of the Securities Act;
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 22, 2012
Robert V. Prongay
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*(left margin, vertical text)* FILED BY FAX

FILED BY FAX

| | |
|---|---|
| Attorney or Party without Attorney (Name/Address)<br>Robert V. Prongay (SBN 270796)<br>Glancy Binkow & Goldberg LLP<br>1925 Century Park East,#2100, Los Angeles, CA<br>Telephone: (310) 201-9150<br>State Bar No.: 270796<br>Attorney for: Plaintiff | FOR COURT USE ONLY<br><br>ENDORSED FILED<br>SAN MATEO COUNTY<br><br>MAY 2 2 2012<br><br>Clerk of the Superior Court<br>By_____G. MARQUEZ<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | |
| Plaintiff  Darryl Lazar | |
| Defendant    Facebook, Inc., et al. | |
| Certificate Re Complex Case Designation | Case Number<br>CIV 5 1 4 0 6 5 |

## This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation

1.   In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

   ☒ Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

   ☒ Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

   ☒ Box 5 – Is [or is not] a class action suit.

2.   This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

CV-59 [Rev. 1/06]

www.sanmateocourt.org

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

<u>This is a putative class action brought by Plaintiff on behalf of</u>
<u>purchasers of the common stock of Facebook, inc., in connection</u>
<u>with the company's Initial Public Offering. Plaintiff alleges that</u>
<u>the offering materials issued in connection with the offering</u>
<u>were materially false and misleading and/or ommitted material</u>
<u>facts required to be stated therein. [See additional attached page]</u>

*(attach additional pages if necessary)*

3.   Based on the above-stated supporting information, there is a reasonable basis for the complex
     case designation or counter-designation [or noncomplex case counter-designation] being made
     in the attached Civil Case Cover Sheet.

**\*\*\*\*\***

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.

Dated:   May 22, 2012

Robert V. Prongay
[Type or Print Name]                          [Signature of Party or Attorney For Party]

## ATTACHMENT TO CERTIFICATE RE COMPLEX DESIGNATION

Resolution of the claims will undoubtedly present challenging and complex legal and factual issues and would be handled most efficiently and effectively by the Complex Litigation Department.

# NOTICE OF CASE MANAGEMENT CONFERENCE

**ENDORSED FILED**
SAN MATEO COUNTY
MAY 2 2 2012
Clerk of the Superior Court
By     G. MARQUEZ
DEPUTY CLERK

*Darryl Lazar, et al*

vs.

*FaceBook, Inc., et al*

Case No. ___CIV 5 1 4 0 6 5___

Date: ___10/3/12___

Time: 9:00 a.m.

Dept. 7 on Tuesday & Thursday
Dept. 7 on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1  In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a.   Serve all named defendants and file proofs of service on those defendants with the court within 60 days of filing the complaint (CRC 201 7).

    b.   Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c.   File and serve a completed Case Management Statement at least 15 days before the Case Management Conference [CRC 212(g)].  Failure to do so may result in monetary sanctions.

    d.   Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30 days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of case management conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.).  If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator.  If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10 days prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5.  If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case.  If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

7  The Case Management judge will issue orders at the conclusion of the conference that may include:

    a.   Referring parties to voluntary ADR and setting an ADR completion date;

    b.   Dismissing or severing claims or parties;

    c.   Setting a trial date.

8.  The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

   Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent ___, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
  STREET ADDRESS: 400 County Center
  MAILING ADDRESS: 400 County Center
  CITY AND ZIP CODE: Redwood City, CA 94063-1655
  BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ UNLIMITED CASE ☐ LIMITED CASE | |

*(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less)

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:              Time:              Dept.:         Div.:         Room:
Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. Jury or nonjury trial
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. Trial date
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. Estimated length of trial
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. Trial representation *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. Preference
   ☐ This case is entitled to preference *(specify code section):*

10. Alternative dispute resolution (ADR)
   a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. Referral to judicial arbitration or civil action mediation (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110 (Rev. July 1, 2011)

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled <br> ☐ Mediation session scheduled for *(date)*: <br> ☐ Agreed to complete mediation by *(date)*: <br> ☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled <br> ☐ Settlement conference scheduled for *(date)*: <br> ☐ Agreed to complete settlement conference by *(date)*: <br> ☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled <br> ☐ Neutral evaluation scheduled for *(date)*: <br> ☐ Agreed to complete neutral evaluation by *(date)*: <br> ☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled <br> ☐ Judicial arbitration scheduled for *(date)*: <br> ☐ Agreed to complete judicial arbitration by *(date)*: <br> ☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled <br> ☐ Private arbitration scheduled for *(date)*: <br> ☐ Agreed to complete private arbitration by *(date)*: <br> ☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled <br> ☐ ADR session scheduled for *(date)*: <br> ☐ Agreed to complete ADR session by *(date)*: <br> ☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT | |

11. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

12. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status
   ☐ Bankruptcy ☐ Other *(specify)*:
   Status:

13. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
         ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

14. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons)*:

15. Other motions
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

16. Discovery
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
       anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Superior Court of California, County of San Mateo

## CHAPTER 2.  CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1.  MANAGEMENT DUTIES

Rule 2.2    Trial Court Management

Reference CRC. rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

## PART 2.  CASEFLOW MANAGEMENT

Rule 2.3  New Case Management

This rule applies to all civil cases with the exception of the following:  (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes.  For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953..

(a)     Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)     To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)     To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)     To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution.  Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)     In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)     Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed.  The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed <u>before</u> July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions).

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

Div II - Rules                              202                         Revised 1/1/2012

Superior Court of California, County of San Mateo

(A)    Time to serve may be extended for good cause: Upon ex parte application to the court, *in compliance with California Rules of Court 3.1200 –3.1206*, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)    Additional extension of time if uninsured motorist arbitration is pending. In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)    Time to respond may be extended for good cause: Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(e)    Case management conference

(1)    Date of conference: Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)    Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)    Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)    The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)    The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)    Designation of trial counsel: Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not

specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

(7)     Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

(A)     An order referring the case to arbitration, mediation or other dispute resolution process;

(B)     An order transferring the case to the limited jurisdiction of the superior court;

(C)     An order assigning a trial date;

(D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

(E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

(F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

(G)     An order scheduling the exchange of expert witness information;

(H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

(I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

(A)     Reference CRC, Rule 3.670

(B)     Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.   Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

(C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

CASE 3:12-cv-03199-MMC   Document 1   Filed 06/20/12   Page 44 of 127

Superior Court of California, County of San Mateo

(D)  At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically appeared at the mandatory ADR referral.  If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)  Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement.  If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)  Appropriate Dispute Resolution, ADR. Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees.  Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)  Stipulations to Arbitration

(1)  If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration.  A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference.  A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)  It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered b the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled *"Ex Parte Motion and Stipulation for continuance of Judicial arbitration Hearing."*  Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)].  Continuances without adequate grounds will not be considered.  A case management judge will either grant or deny the request for continuance.  If the request is denied, the case may be assigned a trial date.  If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)  Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must

Div II - Rules                                   205                              Revised 1/1/2012

Superior Court of California, County of San Mateo

state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)   Stipulations to Private ADR

(1)   If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days. The court shall notify all parties of the continued case management conference.

(2)   If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)   Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session. The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel. The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider. Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)   All parties and counsel shall participate in the ADR process in good faith.

(5)   To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)   ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first. In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator. (For complete complaint procedure guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)   In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)   Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator. In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly. All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)   Law and Motion

Superior Court of California, County of San Mateo

     All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)    Settlement Conferences

     All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

     Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

     All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

     *All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

     Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

     Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

     (Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

## Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

     (Adopted, effective January 1,2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

## Rule 2.4 Settlement Conference

     Reference: California Rule of Court, rule 3.138.

Div II - Rules                 207                  Revised 1/1/2012

# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

⚖  *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

⚖  *Cheaper* – Parties can save on attorneys' fees and litigation costs.

⚖  *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

⚖  *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

⚖  *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

⚖  *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

⚖  **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

⚖  **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet or call (650) 363-4896.

⚖  **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

⚖  **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

⚖  **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use
Local Court Form ADR CIV-5 [Rev September, 2010]

[CA Rule of Court §3.221]
www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

☞  The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

☞  All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

☞  If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office.  This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

☞  You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

   o   For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

☞  If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

☞  Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Courtroom 2F, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

☞  Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

☞  If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/adr or contact the Multi-Option ADR Project: 400 County Center, Courtroom 2F, Redwood City, CA 94063. (650) 599-1070, (650) 363-4148 / fax: (650) 599-1754

Page 2 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR CIV-5 [New September, 2010] www.sanmateocourt.org

*Judicial Arbitration*, one of the available *Appropriate Dispute Resolution (ADR)* options, differs from other options in that it is usually court-ordered, unless the parties agree to it.

### What are the Advantages of Using Judicial Arbitration?

☞   *Free* -Parties do not have to pay for the arbitrator's fee.

☞   *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

☞   *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

### What are the Disadvantages of Using Judicial Arbitration?

☞   The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

### How Does Judicial Arbitration Work in San Mateo County?

☞   During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

☞   Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

☞   Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

   o     For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

☞   After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

☞   If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

☞   Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

For more information, visit the court website at www.sanmateocourt.org/adr or contact Judicial Arbitration: 400 County Center, First Floor, Redwood City, CA 94063. Phone: (650) 363-4896 and Fax: (650) 365-4897

Page 3 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court 43.221] Local Court Form ADR-CIV-8  [Rev. September, 2010] www.sanmateocourt.org

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference

When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations

*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted. The Judicial Arbitration Administrator can be contacted at (650) 363-4896.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070.

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation                    ☐ Binding Arbitration (private)
☐ Neutral Evaluation                      ☐ Settlement Conference (private)
☐ Non-Binding Judicial Arbitration CRC 3.810       ☐ Summary Jury Trial   ☐ Other: _____

Case Type: _____
Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____
_____

Original Signatures

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney

_____                    _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant         Attorney or Party without attorney

IT IS SO ORDERED:

Date: _____                    _____
                                        Judge of the Superior Court of San Mateo County

ADR-CV-1(Rev. 6/11)



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA  94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| DARRYL LAZAR<br>Plaintiff(s)<br>vs.<br>FACEBOOK, INC.<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 514065            Date: **07/25/12**<br><br>Time:  **9:00 AM**<br>**Dept. 3** |
|---|---|
| Title:   DARRYL LAZAR VS FACEBOOK, INC., ET AL | |

You are hereby given notice of your Complex Case Status Conference.  The date, time and department have been written above.  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.   In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
    a.  **Serve copies** of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    b.  **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a).  Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.    An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).  The Court shall treat a provisionally complex case action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.    Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court.  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.  Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 05/23/12

John C. Fitton,
Court Executive Officer/Clerk


By: GRACIELA MARQUEZ
Deputy Clerk


Copies mailed to:

    ROBERT V PRONGAY
    1925 CENTURY PARK EAST
    SUITE 2100
    LOS ANGELES CA 90067

Form: CCSC

1  LIONEL Z. GLANCY (#134180)
2  MICHAEL GOLDBERG (#188669)
   ROBERT V. PRONGAY (#270796)
3  CASEY E. SADLER (#274241)
   GLANCY BINKOW & GOLDBERG LLP
4  1925 Century Park East, Suite 2100
5  Los Angeles, California 90067
   Telephone:    (310) 201-9150
6  Facsimile:    (310) 201-9160
7  Email:        info@glancylaw.com

8  *Attorneys for Plaintiff Darryl Lazar*

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10              FOR THE COUNTY OF SAN MATEO

11 | DARRYL LAZAR, Individually and On      | Case No. CIV 514065
   | Behalf of All Others Similarly Situated, |
12 |                                          |
13 |                Plaintiff,                | **NOTICE OF COMPLEX CASE**
   |                                          | **STATUS CONFERENCE**
14 |                  v.                      |

15 FACEBOOK, INC.,  MARK
16 ZUCKERBERG, DAVID A. EBERSMAN,
   DAVID M. SPILLANE,  MARC L.
17 ANDREESSEN,  ERSKINE B. BOWLES,
   JAMES W. BREYER, DONALD E.
18 GRAHAM, REED HASTINGS, PETER A.
19 THIEL, MORGAN STANLEY & CO.
   LLC, J.P. MORGAN SECURITIES LLC,
20 GOLDMAN, SACHS & CO., MERRILL
   LYNCH, PIERCE, FENNER & SMITH
21 INCORPORATED, BARCLAYS
22 CAPITAL INC., ALLEN & COMPANY
   LLC, CITIGROUP GLOBAL MARKETS
23 INC., CREDIT SUISSE SECURITIES
   (USA) LLC, DEUTSCHE BANK
24 SECURITIES INC., RBC CAPITAL
25 MARKETS, LLC, BLAYLOCK ROBERT
   VAN LLC, BMO CAPITAL MARKETS
26 CORP., C.L. KING & ASSOCIATES,
   INC., CABRERA CAPITAL MARKETS,
27 LLC, CASTLEOAK SECURITIES, L.P.,
28 COWEN AND COMPANY, LLC.,

                    NOTICE

1  | E*TRADE SECURITIES LLC, ITAÚ
2  | BBA USA SECURITIES, INC., LAZARD
   | CAPITAL MARKETS LLC,
3  | LEBENTHAL & CO., LLC, LOOP
   | CAPITAL MARKETS LLC, M.R. BEAL
4  | & COMPANY, MACQUARIE CAPITAL
   | (USA) INC., MURIEL SIEBERT & CO.,
5  | INC., OPPENHEIMER & CO. INC.,
   | PACIFIC CREST SECURITIES LLC,
6  | PIPER JAFFRAY & CO., RAYMOND
7  | JAMES & ASSOCIATES, INC.,
   | SAMUEL A. RAMIREZ & COMPANY,
8  | INC., STIFEL, NICOLAUS &
   | COMPANY, INCORPORATED, THE
9  | WILLIAMS CAPITAL GROUP, L.P., and
10 | WILLIAM BLAIR & COMPANY, L.L.C.,

11 | Defendants.

NOTICE

TO ALL PARTIES OF RECORD HEREIN:

PLEASE TAKE NOTICE that the Superior Court of the County of San Mateo has set a Complex Case Status Conference for July 25, 2012 at 9:00 a.m. in Department 3.

The Court's Notice of Complex Case Status Conference is attached hereto and Notice is hereby given to all parties.

Dated: May 30, 2012

GLANCY BINKOW & GOLDBERG LLP

By: _____
Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
Casey E. Sadler
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:    (310) 201-9150
Facsimile:     (310) 201-9160

*Attorneys for Plaintiff Darryl Lazar*

NOTICE
- 1 -



**Superior Court of California
County of San Mateo
Civil Department
400 County Center
Redwood City, CA 94063-1655
(650)363-4599
www.sanmateocourt.org**

| DARRYL LAZAR<br>Plaintiff(s)<br>vs.<br>FACEBOOK, INC.<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 514065     Date: **07/25/12**<br>                                   Time: **9:00 AM**<br>                                   **Dept. 3** |

| Title: DARRYL LAZAR VS FACEBOOK, INC., ET AL |
| --- |

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.  In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
    a.  **Serve copies** of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    b.  **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.  An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.  Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 05/23/12

John C. Fitton,
Court Executive Officer/Clerk


By: GRACIELA MARQUEZ
Deputy Clerk


Copies mailed to:

```
ROBERT V PRONGAY
1925 CENTURY PARK EAST
SUITE 2100
LOS ANGELES CA 90067
```

Form: CCSC

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert V. Prongay (SBN 270796)<br>Glancy Binkow & Goldberg LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 201-9150     FAX NO.: (310) 201-9160<br>ATTORNEY FOR (Name): Plaintiff Darryl Lazar | **RECEIVED**<br><br>MAY 2 2 2012<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, 94063
BRANCH NAME: Southern Branch

CASE NAME:
Lazar v. Facebook, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIV 514065 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

FILED BY FAX

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Mass tort (40) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [✓] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | Real Property | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary    b.[✓] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action (specify):  2 - Violations of Section 11 and 15 of the Securities Act;
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 22, 2012
Robert V. Prongay
_____                    ▶ _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

<table>
<tr><td>

Attorney or Party without Attorney (Name/Address)<br>
Robert V. Prongay (SBN 270796)<br>
Glancy Binkow & Goldberg LLP<br>
1925 Century Park East,#2100, Los Angeles, CA<br><br>
Telephone: (310) 201-9150<br>
State Bar No.: 270796<br>
Attorney for: Plaintiff<br>
SUPERIOR COURT OF CALIFORNIA<br>
COUNTY OF SAN MATEO<br>
400 COUNTY CENTER<br>
REDWOOD CITY, CA 94063

</td><td>

FOR COURT USE ONLY<br><br><br>
ENDORSED FILED<br>
SAN MATEO COUNTY<br><br>
MAY 2 2 2012<br><br>
Clerk of the Superior Court<br>
By _____ G. MARQUEZ<br>
DEPUTY CLERK

</td></tr>
<tr><td>

Plaintiff   Darryl Lazar

</td><td rowspan="2"></td></tr>
<tr><td>

Defendant   Facebook, Inc., et al.

</td></tr>
<tr><td>

Certificate Re Complex Case Designation

</td><td>

Case Number<br>
CIV 5 1 4 0 6 5

</td></tr>
</table>

**This certificate must be completed and filed with your Civil Case Cover Sheet if you have checked a Complex Case designation or Counter-Designation**

1.   In the attached Civil Case Cover Sheet, this case is being designated or counter-designated as a complex case [or as not a complex case] because at least one or more of the following boxes has been checked:

☒   Box 1 – Case type that is best described as being [or not being] provisionally complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims involving many parties or structures, securities claims or investment losses involving many parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or insurance coverage claims arising out of any of the foregoing claims).

☒   Box 2 – Complex [or not complex] due to factors requiring exceptional judicial management

☒   Box 5 – Is [or is not] a class action suit.

2.   This case is being so designated based upon the following supporting information [including, without limitation, a brief description of the following factors as they pertain to this particular case: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions

CV-59 [Rev. 1/06]                                                                                    www.sanmateocourt.org

FILED BY FAX

pending in one or more courts in other counties, states or countries or in a federal court;
(6) whether or not certification of a putative class action will in fact be pursued; and (7)
substantial post-judgment judicial supervision]:

This is a putative class action brought by Plaintiff on behalf of

purchasers of the common stock of Facebook, inc., in connection

with the company's Initial Public Offering. Plaintiff alleges that

the offering materials issued in connection with the offering

were materially false and misleading and/or ommitted material

facts required to be stated therein. [See additional attached page]

*(attach additional pages if necessary)*

3.     Based on the above-stated supporting information, there is a reasonable basis for the complex
       case designation or counter-designation [or noncomplex case counter-designation] being made
       in the attached Civil Case Cover Sheet.

*****

I, the undersigned counsel or self-represented party, hereby certify that the above is true and correct
and that I make this certification subject to the applicable provisions of California Code of Civil
Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-200 (B) and San
Mateo County Superior Court Local Rules, Local Rule 2.30.


Dated:   May 22, 2012


Robert V. Prongay
[Type or Print Name]                         [Signature of Party or Attorney For Party]


CV-59 [Rev. 1/06]                                          www.sanmateocourt.org

## **ATTACHMENT TO CERTIFICATE RE COMPLEX DESIGNATION**

Resolution of the claims will undoubtedly present challenging and complex legal and factual issues and would be handled most efficiently and effectively by the Complex Litigation Department.

<u>**PROOF OF SERVICE VIA U.S. MAIL**</u>

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On May 30, 2012, I served the following documents:

**NOTICE OF COMPLEX CASE STATUS CONFERENCE**

**CIVIL COVER SHEET**

**CERTIFICATE RE COMPLEX CASE DESIGNATION**

on counsel for the parties in this action, addressed as stated below:

**See Attached Service List.**

**By U.S. Mail:** By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

Executed on May 30, 2012, at Los Angeles, California.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Harry H. Kharadjian

## SERVICE LIST

| | |
|---|---|
| Facebook, Inc.<br>1601 Willow Road<br>Menlo Park, CA 94025 | Reed Hastings<br>1601 Willow Road<br>Menlo Park, CA 94025 |
| Mark Zuckerberg<br>1601 Willow Road<br>Menlo Park, CA 94025 | Peter A. Thiel<br>1601 Willow Road<br>Menlo Park, CA 94025 |
| David A. Ebersman<br>1601 Willow Road<br>Menlo Park, CA 94025 | Morgan Stanley & Co. LLC<br>1585 Broadway<br>New York, NY 10036 |
| David M. Spillane<br>1601 Willow Road<br>Menlo Park, CA 94025 | J.P. Morgan Securities LLC<br>270 Park Avenue<br>New York, NY 10017 |
| Marc L. Andreessen<br>1601 Willow Road<br>Menlo Park, CA 94025 | Goldman, Sachs & Co.<br>200 West Street<br>New York, NY 10282 |
| Erskine B. Bowles<br>1601 Willow Road<br>Menlo Park, CA 94025 | Merrill Lynch, Pierce, Fenner &<br>Smith Incorporated<br>4 World Financial Center<br>North Tower<br>New York, NY 10080 |
| James W. Breyer<br>1601 Willow Road<br>Menlo Park, CA 94025 | Barclays Capital Inc.<br>200 Park Avenue<br>New York, NY 10166 |
| Donald E. Graham<br>1601 Willow Road<br>Menlo Park, CA 94025 | Allen & Company LLC<br>1401 South Florida Avenue<br>Lakeland, FL 33803 |
| Citigroup Global Markets Inc.<br>388 Greenwich Street<br>New York, NY 10013 | Credit Suisse Securities (USA) LLC<br>11 Madison Avenue<br>New York, NY 10010 |
| Deutsche Bank Securities Inc.<br>60 Wall Street<br>New York, NY 10005-2858 | RBC Capital Markets, LLC<br>777 S Figueroa St # 850<br>Los Angeles, CA 90017 |
| Blaylock Robert Van LLC<br>350 Frank H Ogawa Plz # 10<br>Oakland, CA 94612 | BMO Capital Markets Corp.<br>430 Park Avenue<br>New York, NY 10022 |
| C.L. King & Associates, Inc.<br>9 Elk Street<br>Albany, NY 12207 | Cabrera Capital Markets, LLC<br>650 Fifth Avenue<br>21st Floor<br>New York, NY 10019 |
| Castleoak Securities, L.P.<br>110 East 59th Street, 2nd Floor<br>New York, NY 10022 | Cowen and Company, LLC<br>1221 6th Avenue<br>New York, NY 10020 |
| | |

| | |
|---|---|
| E*Trade Securities LLC<br>c/o Corporation Service Company<br>(Registered Agent)<br>2711 Centerville Road, Suite 400<br>Wilmington, DE 19808 | Itau BBA USA Securities, Inc.<br>767 Fifth Avenue, 50th Floor<br>New York, NY USA 10153 |
| Lazard Capital Markets LLC<br>30 Rockefeller Plaza<br>New York, NY 10020 | Lebenthal & Co., LLC<br>521 Fifth Avenue<br>New York, NY 10175 |
| Loop Capital Markets LLC<br>111 W. Jackson Blvd., Suite 1901<br>Chicago, IL 60604 | M.R. Beal & Company<br>110 Wall St # 6<br>New York, NY 10005 |
| Macquarie Capital (USA) Inc.<br>125 West 55th Street<br>New York, NY 10019 | Muriel Siebert & Co., Inc.<br>885 Third Ave, 17th floor<br>New York, NY 10022 |
| Oppenheimer & Co. Inc.<br>125 Broad Street<br>New York, NY 10004 | Pacific Crest Securities LLC<br>111 SW Fifth Avenue, 42nd Floor<br>Portland, Oregon 97204 |
| Piper Jaffray & Co.<br>345 Park Ave., Suite 1200<br>New York, NY 10154 | Raymond James & Associates, Inc.<br>880 Carillon Parkway<br>St. Petersburg, FL 33716 |
| Samuel A. Ramirez & Company, Inc.<br>444 S Flower St # 4260<br>Los Angeles, CA 90071 | Stifel, Nicolaus & Company,<br>Incorporated<br>501 N. Broadway<br>St. Louis, MO 63102 |
| The Williams Capital Group, L.P.<br>650 Fifth Avenue, 11th Floor<br>New York, NY 10019 | William Blair & Company, L.L.C.<br>222 West Adams St # 28<br>Chicago, IL 60606 |

FEE PAID/WAIVED

1   LIONEL Z. GLANCY (#134180)
  MICHAEL GOLDBERG (#188669)
2   ROBERT V. PRONGAY (#270796)
  CASEY E. SADLER (#274241)
3   GLANCY BINKOW & GOLDBERG LLP
  1925 Century Park East, Suite 2100
4   Los Angeles, California 90067
  Telephone:   (310) 201-9150
5   Facsimile:    (310) 201-9160
6   Email:     info@glancylaw.com

**FILED**
SAN MATEO COUNTY

JUN 0 7 2012

Clerk of the Superior Court
By _____
DEPUTY CLERK

7   *Attorneys for Plaintiff Darryl Lazar*

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA
9             FOR THE COUNTY OF SAN MATEO

10   DARRYL LAZAR, Individually and On Behalf
    of All Others Similarly Situated,
11

12              Plaintiff,

13               v.

14   FACEBOOK, INC., MARK ZUCKERBERG,
    DAVID A. EBERSMAN, DAVID M.
15   SPILLANE, MARC L. ANDREESSEN,
    ERSKINE B. BOWLES, JAMES W. BREYER,
16   DONALD E. GRAHAM, REED HASTINGS,
    PETER A. THIEL, MORGAN STANLEY &
17   CO. LLC, J.P. MORGAN SECURITIES LLC,
    GOLDMAN, SACHS & CO., MERRILL
18   LYNCH, PIERCE, FENNER & SMITH
    INCORPORATED, BARCLAYS CAPITAL
19   INC., ALLEN & COMPANY LLC,
    CITIGROUP GLOBAL MARKETS INC.,
20   CREDIT SUISSE SECURITIES (USA) LLC,
    DEUTSCHE BANK SECURITIES INC., RBC
21   CAPITAL MARKETS, LLC, BLAYLOCK
22   ROBERT VAN LLC, BMO CAPITAL
    MARKETS CORP., C.L. KING &
23   ASSOCIATES, INC., CABRERA CAPITAL
24   MARKETS, LLC, CASTLEOAK
    SECURITIES, L.P., COWEN AND
25   COMPANY, LLC., E*TRADE SECURITIES
26   LLC, ITAÚ BBA USA SECURITIES, INC.,
    LAZARD CAPITAL MARKETS LLC,
27   LEBENTHAL & CO., LLC, LOOP CAPITAL
    MARKETS LLC, M.R. BEAL & COMPANY,
28   MACQUARIE CAPITAL (USA) INC.,

Case No. CIV514065

CLASS ACTION

Date: June 7, 2012
Time: 2:00 p.m.
Dept: TBD

**PLAINTIFFS' EX PARTE
APPLICATION FOR APPROVAL
OF CONSOLIDATION OF
RELATED CASES AND
APPOINTMENT OF CO-LEAD
CLASS COUNSEL, OR
ALTERNATIVELY, FOR AN
ORDER SHORTENING TIME FOR
HEARING SUCH MOTION**

1  MURIEL SIEBERT & CO., INC.,
   OPPENHEIMER & CO. INC., PACIFIC
2  CREST SECURITIES LLC, PIPER JAFFRAY
   & CO., RAYMOND JAMES & ASSOCIATES,
3  INC., SAMUEL A. RAMIREZ & COMPANY,
   INC., STIFEL, NICOLAUS & COMPANY,
4  INCORPORATED, THE WILLIAMS
   CAPITAL GROUP, L.P., and WILLIAM
5  BLAIR & COMPANY, L.L.C.,

6                              Defendants.

7  JENNIFER STOKES , Individually and On
   Behalf of All Others Similarly Situated,        Case No. CIV514107
8                                                   Date Filed: May 23, 2012
9                              Plaintiff,

10                             v.

11 FACEBOOK, INC., MARK ZUCKERBERG,
   DAVID A. EBERSMAN, DAVID M.
12 SPILLANE, MARC L. ANDREESSEN,
   ERSKINE B. BOWLES, JAMES W. BREYER,
13 DONALD E. GRAHAM, REED HASTINGS,
   PETER A. THIEL, MORGAN STANLEY & CO.
14 LLC, J.P. MORGAN SECURITIES LLC,
   GOLDMAN, SACHS & CO., MERRILL
15 LYNCH, PIERCE, FENNER & SMITH
   INCORPORATED, BARCLAYS CAPITAL
16 INC., ALLEN & COMPANY LLC, CITIGROUP
   GLOBAL MARKETS INC., CREDIT SUISSE
17 SECURITIES (USA) LLC, DEUTSCHE BANK
   SECURITIES INC., RBC CAPITAL MARKETS,
18 LLC, BLAYLOCK ROBERT VAN LLC, BMO
   CAPITAL MARKETS CORP., C.L. KING &
19 ASSOCIATES, INC., CABRERA CAPITAL
   MARKETS, LLC, CASTLEOAK SECURITIES,
20 L.P., COWEN AND COMPANY, LLC.,
   E*TRADE SECURITIES LLC, ITAÚ BBA USA
21 SECURITIES, INC., LAZARD CAPITAL
   MARKETS LLC, LEBENTHAL & CO., LLC,
22 LOOP CAPITAL MARKETS LLC, M.R. BEAL
   & COMPANY, MACQUARIE CAPITAL (USA)
23 INC., MURIEL SIEBERT & CO., INC.,
   OPPENHEIMER & CO. INC., PACIFIC CREST
24 SECURITIES LLC, PIPER JAFFRAY & CO.,
   RAYMOND JAMES & ASSOCIATES, INC.,
25 SAMUEL A. RAMIREZ & COMPANY, INC.,
   STIFEL, NICOLAUS & COMPANY,
26 INCORPORATED, THE WILLIAMS CAPITAL

1  | GROUP, L.P., and WILLIAM BLAIR &
   | COMPANY, L.L.C.,

2

3  |                    Defendants.

4  | MATTHEW PILGRAM, Individually and On       Case No. CIV514111
   | Behalf of All Others Similarly Situated,     Date Filed: May 23, 2012

5

6  | Plaintiff,

7  | v.

8  | FACEBOOK, INC.,  MARK ZUCKERBERG,
   | DAVID A. EBERSMAN, DAVID M.

9  | SPILLANE,  MARC L. ANDREESSEN,
   | ERSKINE B. BOWLES, JAMES W. BREYER,

10 | DONALD E. GRAHAM, REED HASTINGS,
   | PETER A. THIEL, MORGAN STANLEY & CO.

11 | LLC,BARCLAYS CAPITAL INC., ALLEN &

12 | COMPANY LLC, CITIGROUP GLOBAL
   | MARKETS INC., CREDIT SUISSE

13 | SECURITIES (USA) LLC, DEUTSCHE BANK

14 | SECURITIES INC., RBC CAPITAL MARKETS,
   | LLC, BLAYLOCK ROBERT VAN LLC, BMO

15 | CAPITAL MARKETS CORP., C.L. KING &
   | ASSOCIATES, INC., CABRERA CAPITAL

16 | MARKETS, LLC, CASTLEOAK SECURITIES,
   | L.P., COWEN AND COMPANY, LLC.,

17 | E*TRADE SECURITIES LLC, ITAÚ BBA USA

18 | SECURITIES, INC., LAZARD CAPITAL
   | MARKETS LLC, LEBENTHAL & CO., LLC,

19 | LOOP CAPITAL MARKETS LLC,  M.R. BEAL
   | & COMPANY, MACQUARIE CAPITAL (USA)

20 | INC., MURIEL SIEBERT & CO., INC.,

21 | OPPENHEIMER & CO. INC., PACIFIC CREST
   | SECURITIES LLC, PIPER JAFFRAY & CO.,

22 | RAYMOND JAMES & ASSOCIATES, INC.,
   | SAMUEL A. RAMIREZ & COMPANY, INC.,

23 | STIFEL, NICOLAUS & COMPANY,
   | INCORPORATED,  THE WILLIAMS CAPITAL

24 | GROUP, L.P., and WILLIAM BLAIR &
   | COMPANY, L.L.C.,

25

26 | Defendants.

27

28

| | | |
|---|---|---|
| 1 | VERNON R. DeMOIS JR., Individually and on Behalf of All Others Similarly Situated, | Case No. CIV514163<br>Date Filed: May 25, 2012 |
| 2 | Plaintiff | |
| 3 | v. | |
| 4 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, | |
| 5 | MARC L. ANDREESSEN,  ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. | |
| 6 | GRAHAM, REED HASTINGS, PETER A. THIEL, AND MORGAN STANLEY & CO. LLC. | |
| 7 | | |
| 8 | Defendants. | |
| 9 | | |
| 10 | ELBITA ALFONSO, Individually and on Behalf of All Others Similarly Situated, | Case No. CIV514171 |
| 11 | Plaintiff | Date Filed: May 25, 2012 |
| 12 | v. | |
| 13 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, | |
| 14 | MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. | |
| 15 | GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. | |
| 16 | MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, | |
| 17 | FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL INC., ALLEN & | |
| 18 | COMPANY LLC, CITIGROUP GLOBAL MARKETS INC.C, REDIT SUISSE | |
| 19 | SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, | |
| 20 | LLC, and WELLS FARGO SECURITIES, LLC, | |
| 21 | Defendants. | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| EDWARD J. SHIERRY, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514172 Date Filed: May 25, 2012 |

1
2
                                Plaintiff,
3
4  v.
5 FACEBOOK, INC., MARK ZUCKERBERG, DAVID E. EBERSMAN, DAVID M.
6 SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER,
7 DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO.
8 LLC, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., ALLEN &
9 COMPANY LLC, CITIGROUP GLOBAL
10 MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE
11 BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK
12 ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING &
13 ASSOCIATES, INC., CABRERA CAPITAL
14 MARKETS, LLC, CASTLEOAK SECURITIES, L.P, COWEN AND COMPANY, LLC.,
15 E*TRADE SECURITIES, LLC, ITAU BBA USA SECURITIES, INC., LAZARD
16 CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, LOOP CAPITAL MARKETS LLC,
17 M.R. BEAL & COMPANY, MACQUARIE
18 CAPITAL(USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC.,
19 PACIFIC CREST SECURITIES LLC, PIPER JAFFRA Y & CO., RAYMOND JAMES
20 & ASSOCIATES, INC., SAMUEL
21 A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED,
22 THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C.,
23
24                               Defendants.
25

| | |
|---|---|
| MICHAEL LIEBER, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514193 Date Filed: May 29, 2012 |

26
27                            Plaintiff,
28

1    v.

2    FACEBOOK INC.; MARK
     ZUCKERBURG; DONALD E. GRAHAM;
3    DAVID A. EBERSMAN; JAMES W.
     BREYER; DAVID M. SPILLANE; PETER
4    A. THIEL; MARC L. ANDREESSEN;
     REED HASTINGS; ERSKINE B. BOWLES;
5    MORGAN STANLEY & CO.
6    LLC; J.P. MORGAN SECURITIES LLC;
     GOLDMAN, SACHS & CO.; MERRILL
7    LYNCH; E *TRADE SECURITIES LLC;
     OPPENHEIMER & CO., INC.;
8    BARCLAYS CAPITAL INC.;
9    CITIGROUP GLOBAL MARKETS INC.;
     CREDIT SUISSE SECURITIES (USA)
10   LLC; PIERCE, FENNER & SMITH
     INCORPORATED; ALLEN &
11   FACEBOOK LLC; DEUTSCHE BANK
     SECURITIES INC.; RBC CAPITAL
12   MARKETS, LLC; MURIEL SIEBERT & CO.,
     INC.; CABRERA CAPITAL
13   MARKETS, LLC; BMO CAPITAL
14   MARKETS CORP.; CASTLEOAK
     SECURITIES, LP.; LAZARD CAPITAL
15   MARKETS LLC; PACIFIC CREST
     SECURITIES LLC; LOOP CAPITAL
16   MARKETS LLC; ITAU BBA USA
17   SECURITIES, INC.;W ILLIAM BLAIR &
     FACEBOOK, L.L.C.; BLAYLOCK
18   ROBERT VAN LLC; LEBENTHAL & CO.
     LLC; M.R. BEAL & FACEBOOK;
19   MACQUARIE CAPITAL (USA) INC.;
     PIPER JAFFRAY & CO.; COWEN AND
20   FACEBOOK, LLC; RAYMOND JAMES
21   ASSOCIATES, INC.; STIFEL,
     NICOLAUS & FACEBOOK,
22   INCORPORATED; C.L. KING &
     ASSOCIATES, INC.; SAMUEL A.
23   RAMIREZ & FACEBOOK, INC.; COWEN
     AND FACEBOOK, LLC; THE WILLIAMS
24   CAPITAL GROUP, LP; and Does 1
     through 100, inclusive,
25
26                              Defendants.

27

28   KAREN CUKER and BRIAN GRALNICK,       Case No. CIV514238

1  Individually and On Behalf of All Others Similarly Situated,    Date Filed: May 30, 2012

2                                                    Plaintiffs,

3  v.

4

5  FACEBOOK, INC., MARK ZUCKERBERG,
   DAVID A. EBERSMAN, DAVID M. SPILLANE,
6  MARC L. ANDREESSEN, ERSKINE B.
   BOWLES, JAMES W. BREYER, DONALD E.
7  GRAHAM, REED HASTINGS, PETER A.
   THIEL, MORGAN STANLEY & CO. LLC, J.P.
8  MORGAN SECURITIES LLC, GOLDMAN,
   SACHS & CO., MERRILL LYNCH, PIERCE,
9  FENNER & SMITH INCORPORATED,
   BARCLAYS CAPITAL INC., ALLEN &
10 COMPANY LLC, CITIGROUP GLOBAL
   MARKETS INC., CREDIT SUISSE
11 SECURITIES (USA) LLC, DEUTSCHE BANK
   SECURITIES INC., RBC CAPITAL MARKETS,
12 LLC, WELLS FARGO SECURITIES, LLC,
   BLAYLOCK ROBERT VAN LLC, BMO
13 CAPITAL MARKETS CORP., C.L. KING &
   ASSOCIATES, INC., CABRERA CAPITAL
14 MARKETS, LLC, CASTLEOAK SECURITIES,
   L.P., COWEN AND COMPANY, LLC.,
15 E*TRADE SECURITIES LLC, ITAÚ BBA USA
   SECURITIES, INC., LAZARD CAPITAL
16 MARKETS LLC, LEBENTHAL & CO., LLC,
   LOOP CAPITAL MARKETS LLC, M.R. BEAL
17 & COMPANY, MACQUARIE CAPITAL (USA)
   INC., MURIEL SIEBERT & CO., INC.,
18 OPPENHEIMER & CO. INC., PACIFIC CREST
   SECURITIES LLC, PIPER JAFFRAY & CO.,
19 RAYMOND JAMES & ASSOCIATES, INC.,
   SAMUEL A. RAMIREZ & COMPANY, INC.,
20 STIFEL, NICOLAUS & COMPANY,
   INCORPORATED,  THE WILLIAMS CAPITAL
21 GROUP, L.P., and WILLIAM BLAIR &
   COMPANY, L.L.C.,

22

23                                                   Defendants.

24

25

26

27

28 HARVEY LAPIN, Individually and On Behalf of
   All Others Similarly Situated,    Case No. CIV514240

| | | Date Filed: May 30, 2012 |
|---|---|---|

1            Plaintiff,

2    v.

3    FACEBOOK, INC.,  MARK ZUCKERBERG,
4    DAVID A. EBERSMAN, DAVID M. SPILLANE,
     MARC L. ANDREESSEN,  ERSKINE B.
5    BOWLES, JAMES W. BREYER, DONALD E.
6    GRAHAM, REED HASTINGS, PETER A.
     THIEL, MORGAN STANLEY & CO. LLC, J.P.
7    MORGAN SECURITIES LLC, GOLDMAN,
     SACHS & CO., MERRILL LYNCH, PIERCE,
8    FENNER & SMITH INCORPORATED,
9    BARCLAYS CAPITAL INC., ALLEN &
     COMPANY LLC, CITIGROUP GLOBAL
10   MARKETS INC., CREDIT SUISSE
     SECURITIES (USA) LLC, DEUTSCHE BANK
11   SECURITIES INC., RBC CAPITAL MARKETS,
     LLC, BLAYLOCK ROBERT VAN LLC, BMO
12   CAPITAL MARKETS CORP., C.L. KING &
13   ASSOCIATES, INC., CABRERA CAPITAL
     MARKETS, LLC, CASTLEOAK SECURITIES,
14   L.P., COWEN AND COMPANY, LLC.,
     E*TRADE SECURITIES LLC, ITAÚ BBA USA
15   SECURITIES, INC., LAZARD CAPITAL
     MARKETS LLC, LEBENTHAL & CO., LLC,
16   LOOP CAPITAL MARKETS LLC,  M.R. BEAL
17   & COMPANY, MACQUARIE CAPITAL (USA)
     INC., MURIEL SIEBERT & CO., INC.,
18   OPPENHEIMER & CO. INC., PACIFIC CREST
19   SECURITIES LLC, PIPER JAFFRAY & CO.,
     RAYMOND JAMES & ASSOCIATES, INC.,
20   SAMUEL A. RAMIREZ & COMPANY, INC.,
     STIFEL, NICOLAUS & COMPANY,
21   INCORPORATED,  THE WILLIAMS CAPITAL
     GROUP, L.P., and WILLIAM BLAIR &
22   COMPANY, L.L.C.,

23            Defendants.

24
25
26
27
28

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          PLEASE TAKE NOTICE that, on June 7, 2012 at 2:00 p.m., or as soon thereafter as the

3  matter can be heard, at the San Mateo County Superior Court, Hall of Justice, 400 County

4  Center, Redwood City, CA 94063, Plaintiffs Darryl Lazar, Jennifer Stokes, Matthew Pilgram,

5  Vernon R. DeMois Jr., Elbita Alfonso, Edward J. Shierry, Michael Lieber, Karen Cuker, Brian

6  Gralnick and Harvey Lapin, will and hereby do move *ex parte* for an order consolidating related

7  complex cases and appointing the law firms of Glancy Binkow & Goldberg LLP, Johnson &

8  Weaver, LLP, and Barrack, Rodos & Bacine as Co-Lead Counsel, determining that all such

9  securities cases are complex with the meaning of Local Rule 2.30 and assigning the consolidated

10 actions to the Honorable Marie Weiner, Complex Case Judge, for all purposes.

11         The *ex parte* application will be based on this notice, the accompanying memorandum of

12 points and authorities, the declaration of Lionel Z. Glancy and exhibits thereto, and any other

13 documentary or oral evidence the Court may consider at the hearing.

14

15 Dated: June 6, 2012                          **GLANCY BINKOW & GOLDBERG LLP**

16

17                                             By:
                                               Robert V. Prongay
18                                             Lionel Z. Glancy
                                               Michael Goldberg
19                                             Casey E. Sadler
                                               1925 Century Park East, Suite 2100
20                                             Los Angeles, CA 90067
                                               Tel: (310) 201-9150
21                                             Fax: (310) 201-9160
                                               Email: info@glancylaw.com
22
                                               **JOHNSON & WEAVER, LLP**
23                                             Frank J. Johnson
                                               David Elliot
24                                             110 West "A" Street, Suite 750
                                               San Diego, CA 92101
25                                             Tel: (619) 230-0063
                                               Fax: (619) 255-1856
26

27

28

1     **BARRACK, RODOS & BACINE**
2     Stephen R. Basser
    Samuel M. Ward
3     One America Plaza
    600 West Broadway, Suite 900
4     San Diego, CA 92101
    Phone: (619) 230-0800
5     Fax: (619) 230-1874
6     Email: sbasser@barrack.com
    sward@barrack.com
7
    and
8
9     **BARRACK, RODOS & BACINE**
    Daniel E. Bacine
10     Mark R. Rosen
    Beth T. Seltzer
11     3300 Two Commerce Square
    2001 Market Street
12     Philadelphia, PA 19103
    Phone: (215) 963-0600
13     Fax: (215) 963-0838
14     Email: dbacine@barrack.com
    mrosen@barrack.com
15     bseltzer@barrack.com
16     *[Proposed] Co- Lead Counsel and Counsel for*
    *Plaintiffs Darryl Lazar, Vernon R. DeMois, Jr.,*
17     *Edward J. Shierry, Karen Cuker, Brian Gralnick*
    *and Harvey Lapin*
18
19     **STRAUSS TROY CO., LPA**
    Richard S. Wayne
20     Joseph J. Braun
    The Federal Reserve Building
21     150 East Fourth Street
    Cincinnati, Ohio 45202-4018
22     Tel: (513) 621-2120
    Fax: (513) 629-9426
23
    *Counsel for Plaintiff Vernon R. DeMois, Jr.,*
24
25     **AHDOOT & WOLFSON, P.C.**
    Robert Ahdoot
    Tina Wolfson
26     Theodore Maya
    Bradley King
27     10850 Wilshire Boulevard, Suite 370
    Los Angeles, CA 90024
28     Tel: 310-474-9111

Fax: 310-474-8585

*Counsel for Plaintiff Jennifer Stokes*

**INITIATIVE LEGAL GROUP APC**
Jordan L. Lurie
Raul Perez
Andrew Sokolowski
Sue Kim
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556 - 5637
Facsimile: (310) 861 -9051

and

Jack Zwick
100 Church Street, Suite 850
New York, N.Y. 10007
Telephone: (212) 385 - 1900
Facsimile: (212) 385 - 1911

*Counsel for Plaintiff Michael Lieber*

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
Patrick H. Moran
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619)234-4599

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Gregory M. Nespole
Robert B. Weintraub
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545- 4600
Facsimile: (212) 545-4653

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
Adam J. Levitt
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984 - 0000
Facsimile: 312/984 – 0001

**GAINEY & McKENNA**
Thomas J. Mckenna
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: 212- 983-1300

1

Facsimile: (212) 983-0380

2

*Counsel for Plaintiff Elbita Alfonso*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' EX PARTE APPLICATION AND MPA IN SUPPORT THEREOF
4

1     **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'**
    **EX PARTE APPLICATION FOR APPROVAL OF PLAINTIFFS' MOTION FOR**
2     **CONSOLIDATION OF RELATED CASES AND APPOINTMENT OF CO-LEAD CLASS**
    **COUNSEL, OR ALTERNATIVELY, FOR AN ORDER SHORTENING TIME FOR**
3     **HEARING SUCH MOTION**

4 **I.**     **ARGUMENT**

5         As set forth by Plaintiffs Darryl Lazar, Jennifer Stokes, Matthew Pilgram, Vernon R.

6 DeMois Jr., Elbita Alfonso, Edward J. Shierry, Michael Lieber, Karen Cuker, Brian Gralnick,

7 and Harvey Lapin (collectively, "Plaintiffs" or "Movants") Motion for Consolidation of Related

8 Cases and Appointment of Co-Lead Class Counsel (the "Consolidation and Leadership

9 Motion"), attached as Exhibit F to the Declaration of Lionel Z. Glancy In Support of Plaintiffs'

10 Ex Parte Application, Movants have filed 9 class actions on behalf of defendant Facebook Inc.,

11 ("Facebook") shareholders who purchased its common stock in or traceable to its May 18, 2012

12 Initial Public Offering ("The Class"). Plaintiffs allege, *inter alia*, that the Registration Statement

13 issued in connection with Facebook's Initial Public Offering ("IPO") contained materially false

14 and misleading statements and omitted material information in violation of Sections 11, 12(a)(2)

15 and 15 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77$k$, 77$l$ and 77$o$, for

16 which defendants — Facebook, certain of its officers and directors, and the IPO Underwriter

17 syndicate including, among others, Morgan Stanley, J.P. Morgan and Goldman Sachs — are

18 liable.

19         Because of the high profile nature of this case, the pendency in federal district courts of

20 federal securities class actions filed **after** the first filed case captioned above; the complexity of

21 the issues, the potential that one or more defendants may seek removal to federal court

22 necessitating motions for remand, and/or that one or more defendants may seek to stay the

23 actions appropriately filed in this court, and/or the imminent threat of same, and potential for

24 disparate discovery requests or disputes absent a unified structure, it is critically important in the

25 interest of judicial economy, efficient case management and administration that the above cases

26 be consolidated and a leadership structure immediately put in place. Doing so as soon as

27 possible will promote efficiency in all respects, and for all parties, and best serve the interests of

28 judicial economy.

        As noted in the Manual for Complex Litigation, **early organization** of the counsel who

have filed the various cases transferred or consolidated for pre-trial purposes is a **critical** case-

management task. The judge will often need to appoint lead counsel or a committee of counsel to coordinate discovery and other pretrial preparation. MCL 4th § 22.62.

Consolidating these numerous related complex securities cases and appointing the proposed leadership structure requested by Plaintiffs' counsel shall unquestionably promote the interests of judicial economy and efficient case management by enabling defendants to deal directly and efficiently with designated Plaintiffs' counsel, who shall be able to speak with a single voice or otherwise oppose or handle anticipated motions, procedural issues and discovery in an orderly, unified fashion, thereby avoiding numerous, disparate or competing filings and positions.

Movants also respectfully suggest that since the above-captioned actions all involve securities claims seeking damages for investment losses suffered by the Class, and involve many parties, this litigation clearly merits complex case designation within the meaning of California Rules of Court 3.400 and the Local Rules of the Superior Court of California, County of San Mateo, Rule 2.30. Indeed, the following factors supporting this determination apply under Local Rule 2.30 C(1)-(7), because:

1) the action requires the management of a large number of separately represented parties;

2) the facts and legal issues are highly complex;

3) there shall likely be a number of pre-trial motions that will take time to resolve;

4) a large amount of documentary evidence will need to be discovered, obtained and managed, and potentially a vast number of witnesses;

5) it may become necessary to eventually coordinate discovery in this state court action with related cases pending in federal courts in California and/or New York;

6) class certification of the putative investor class shall be pursued; and

7) there will be a need for post-judgment supervision.

California Rules of Court Rule 3.400 (a) provides for the designation of complex cases in order to, *inter alia*, "expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel." One of the key factors to consider in determining whether a case should be designated as being complex is whether the case will involve "[m]anagement of a large number of separately represented parties" Cal. R. Ct. 3.400 (b)(3).

Assigning this complex securities case to the Honorable Marie Weimer, Complex Case Judge, for all purposes, along with consolidating the actions and appointing the leadership

1  structure of Plaintiffs' counsel as proposed, shall accomplish the goal of efficient case
2  management as contemplated by the Rules of Court.

3       Hence, to further expedite these actions, Movants seek *ex parte* approval of the
[Proposed] Order Granting Motion for Consolidation of Related Cases and Appointment of Co-
4  Lead Class Counsel. (Ex. D to the Declaration of Lionel Z. Glancy In Support of Plaintiffs' *Ex*
5  *Parte* Application).

6       Alternatively, if the Court prefers to hear argument on the Consolidation and Leadership
7  Motion, Movants respectfully seek an order shortening the time for hearing the attached Motion,
8  as follows:  (1) the Consolidation and Leadership Motion to be heard on June 13, 2012; and (2)
any responses to the Motion to be filed and served on all parties to the above-captioned actions
9  by June 11, 2012. (Ex. E to the Declaration of Lionel Z. Glancy In Support of Plaintiffs' *Ex*
10  *Parte* Application).

11  **II.    CONCLUSION**

12       For the reasons stated above and in the Consolidation and Leadership Motion attached
13  hereto, Movants respectfully request that the Court enter an order consolidating the above-
14  captioned related complex cases and appointing the law firms of Glancy Binkow & Goldberg
LLP, Johnson & Weaver, LLP, and Barrack, Rodos & Bacine co-lead counsel, or alternatively,
15  issue an order shortening time for hearing the Consolidation and Leadership Motion.
16

17  Dated: June 6, 2012                **GLANCY BINKOW & GOLDBERG LLP**
18
19                           By: _____
                         Robert V. Prongay
20                           Lionel Z. Glancy
                         Michael Goldberg
21                           Casey E. Sadler
                         1925 Century Park East, Suite 2100
22                           Los Angeles, CA 90067
                         Tel: (310) 201-9150
23                           Fax: (310) 201-9160
                         Email: info@glancylaw.com
24
                         **JOHNSON & WEAVER, LLP**
25                           Frank J. Johnson
                         David Elliot
26                           110 West "A" Street, Suite 750
                         San Diego, CA 92101
27                           Tel: (619) 230-0063
                         Fax: (619) 255-1856
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BARRACK, RODOS & BACINE**
Stephen R. Basser
Samuel M. Ward
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Phone: (619) 230-0800
Fax: (619) 230-1874
Email: sbasser@barrack.com
sward@barrack.com

and

**BARRACK, RODOS & BACINE**
Daniel E. Bacine
Mark R. Rosen
Beth T. Seltzer
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Phone: (215) 963-0600
Fax: (215) 963-0838
Email: dbacine@barrack.com
mrosen@barrack.com
bseltzer@barrack.com

*[Proposed] Co- Lead Counsel and Counsel for
Plaintiffs Darryl Lazar, Vernon R. DeMois, Jr.,
Edward J. Shierry, Karen Cuker, Brian Gralnick
and Harvey Lapin*

**STRAUSS TROY CO., LPA**
Richard S. Wayne
Joseph J. Braun
The Federal Reserve Building
150 East Fourth Street
Cincinnati, Ohio 45202-4018
Tel: (513) 621-2120
Fax: (513) 629-9426

*Counsel for Plaintiff Vernon R. DeMois, Jr.*

**AHDOOT & WOLFSON, P.C.**
Robert Ahdoot
Tina Wolfson
Theodore Maya
Bradley King
10850 Wilshire Boulevard, Suite 370
Los Angeles, CA 90024

Tel: 310-474-9111
Fax: 310-474-8585

*Counsel for Plaintiff Jennifer Stokes*

**INITIATIVE LEGAL GROUP APC**
Jordan L. Lurie
Raul Perez
Andrew Sokolowski
Sue Kim
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556 - 5637
Facsimile: (310) 861 -9051

and

Jack Zwick
100 Church Street, Suite 850
New York, N.Y. 10007
Telephone: (212) 385 - 1900
Facsimile: (212) 385 - 1911

*Counsel for Plaintiff Michael Lieber*

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
Patrick H. Moran
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619)234-4599

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Gregory M. Nespole
Robert B. Weintraub
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545- 4600
Facsimile: (212) 545-4653

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
Adam J. Levitt
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: 312/984 - 0000
Facsimile: 312/984 – 0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GAINEY & McKENNA**
Thomas J. Mckenna
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: 212- 983-1300
Facsimile: (212) 983-0380

*Counsel for Plaintiff Elbita Alfonso*

1   LIONEL Z. GLANCY (#134180)
    MICHAEL GOLDBERG (#188669)
2   ROBERT V. PRONGAY (#270796)
    CASEY E. SADLER (#274241)
3   GLANCY BINKOW & GOLDBERG LLP
    1925 Century Park East, Suite 2100
4   Los Angeles, California 90067
    Telephone:    (310) 201-9150
5   Facsimile:    (310) 201-9160
    Email:    info@glancylaw.com
6

7   *Attorneys for Plaintiff Darryl Lazar*

**FILED**
SAN MATEO COUNTY

JUN 0 7 2012

Clerk of the Superior Court

By _____
DEPUTY CLERK

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF SAN MATEO

10  DARRYL LAZAR, Individually and On Behalf          Case No. CIV514065
    of All Others Similarly Situated,
11
                                                       CLASS ACTION
            Plaintiff,
12
                                                       Date: June 7, 2012
13          v.                                         Time: 2:00 p.m.
                                                       Dept: TBD
14  FACEBOOK, INC.,  MARK ZUCKERBERG,
    DAVID A. EBERSMAN, DAVID M.
15  SPILLANE,  MARC L. ANDREESSEN,
    ERSKINE B. BOWLES, JAMES W. BREYER,
16  DONALD E. GRAHAM, REED HASTINGS,
    PETER A. THIEL, MORGAN STANLEY &
17  CO. LLC, J.P. MORGAN SECURITIES LLC,
    GOLDMAN, SACHS & CO., MERRILL
18  LYNCH, PIERCE, FENNER & SMITH
    INCORPORATED, BARCLAYS CAPITAL
19  INC., ALLEN & COMPANY LLC,
    CITIGROUP GLOBAL MARKETS INC.,
20  CREDIT SUISSE SECURITIES (USA) LLC,
    DEUTSCHE BANK SECURITIES INC., RBC
21  CAPITAL MARKETS, LLC, BLAYLOCK
    ROBERT VAN LLC, BMO CAPITAL
22  MARKETS CORP., C.L. KING &
    ASSOCIATES, INC., CABRERA CAPITAL
23  MARKETS, LLC, CASTLEOAK
    SECURITIES, L.P., COWEN AND
24  COMPANY, LLC., E*TRADE SECURITIES
25  LLC, ITAÚ BBA USA SECURITIES, INC.,
    LAZARD CAPITAL MARKETS LLC,
26  LEBENTHAL & CO., LLC, LOOP CAPITAL
    MARKETS LLC,  M.R. BEAL & COMPANY,
27  MACQUARIE CAPITAL (USA) INC.,
28

_____
                    DECLARATION OF LIONEL Z. GLANCY

1  MURIEL SIEBERT & CO., INC.,
   OPPENHEIMER & CO. INC., PACIFIC
2  CREST SECURITIES LLC, PIPER JAFFRAY
   & CO., RAYMOND JAMES & ASSOCIATES,
3  INC., SAMUEL A. RAMIREZ & COMPANY,
   INC., STIFEL, NICOLAUS & COMPANY,
4  INCORPORATED, THE WILLIAMS
   CAPITAL GROUP, L.P., and WILLIAM
5  BLAIR & COMPANY, L.L.C.,

6              Defendants.

7  JENNIFER STOKES , Individually and On
   Behalf of All Others Similarly Situated,
8                                               Case No. CIV514107
                                                Date Filed: May 23, 2012
9              Plaintiff,

10             v.

11 FACEBOOK, INC., MARK ZUCKERBERG,
   DAVID A. EBERSMAN, DAVID M.
12 SPILLANE, MARC L. ANDREESSEN,
   ERSKINE B. BOWLES, JAMES W. BREYER,
13 DONALD E. GRAHAM, REED HASTINGS,
   PETER A. THIEL, MORGAN STANLEY & CO.
14 LLC, J.P. MORGAN SECURITIES LLC,
   GOLDMAN, SACHS & CO., MERRILL
15 LYNCH, PIERCE, FENNER & SMITH
   INCORPORATED, BARCLAYS CAPITAL
16 INC., ALLEN & COMPANY LLC, CITIGROUP
   GLOBAL MARKETS INC., CREDIT SUISSE
17 SECURITIES (USA) LLC, DEUTSCHE BANK
   SECURITIES INC., RBC CAPITAL MARKETS,
18 LLC, BLAYLOCK ROBERT VAN LLC, BMO
   CAPITAL MARKETS CORP., C.L. KING &
19 ASSOCIATES, INC., CABRERA CAPITAL
   MARKETS, LLC, CASTLEOAK SECURITIES,
20 L.P., COWEN AND COMPANY, LLC.,
   E*TRADE SECURITIES LLC, ITAÚ BBA USA
21 SECURITIES, INC., LAZARD CAPITAL
   MARKETS LLC, LEBENTHAL & CO., LLC,
22 LOOP CAPITAL MARKETS LLC, M.R. BEAL
   & COMPANY, MACQUARIE CAPITAL (USA)
23 INC., MURIEL SIEBERT & CO., INC.,
   OPPENHEIMER & CO. INC., PACIFIC CREST
24 SECURITIES LLC, PIPER JAFFRAY & CO.,
   RAYMOND JAMES & ASSOCIATES, INC.,
25 SAMUEL A. RAMIREZ & COMPANY, INC.,
   STIFEL, NICOLAUS & COMPANY,
26 INCORPORATED, THE WILLIAMS CAPITAL

27

28

DECLARATION OF LIONEL Z. GLANCY

1    GROUP, L.P., and WILLIAM BLAIR &
     COMPANY, L.L.C.,

2

3              Defendants.

4    MATTHEW PILGRAM, Individually and On          Case No. CIV514111
     Behalf of All Others Similarly Situated,          Date Filed: May 23, 2012

5

6    Plaintiff,

7    v.

8    FACEBOOK, INC.,  MARK ZUCKERBERG,
     DAVID A. EBERSMAN, DAVID M.

9    SPILLANE,  MARC L. ANDREESSEN,
     ERSKINE B. BOWLES, JAMES W. BREYER,

10   DONALD E. GRAHAM, REED HASTINGS,
     PETER A. THIEL, MORGAN STANLEY & CO.

11   LLC,BARCLAYS CAPITAL INC., ALLEN &
     COMPANY LLC, CITIGROUP GLOBAL

12   MARKETS INC., CREDIT SUISSE
     SECURITIES (USA) LLC, DEUTSCHE BANK

13   SECURITIES INC., RBC CAPITAL MARKETS,
     LLC, BLAYLOCK ROBERT VAN LLC, BMO

14   CAPITAL MARKETS CORP., C.L. KING &
     ASSOCIATES, INC., CABRERA CAPITAL

15   MARKETS, LLC, CASTLEOAK SECURITIES,
     L.P., COWEN AND COMPANY, LLC.,

16   E*TRADE SECURITIES LLC, ITAÚ BBA USA
     SECURITIES, INC., LAZARD CAPITAL

17   MARKETS LLC, LEBENTHAL & CO., LLC,
     LOOP CAPITAL MARKETS LLC,  M.R. BEAL

18   & COMPANY, MACQUARIE CAPITAL (USA)
     INC., MURIEL SIEBERT & CO., INC.,

19   OPPENHEIMER & CO. INC., PACIFIC CREST
     SECURITIES LLC, PIPER JAFFRAY & CO.,

20   RAYMOND JAMES & ASSOCIATES, INC.,
     SAMUEL A. RAMIREZ & COMPANY, INC.,

21   STIFEL, NICOLAUS & COMPANY,
     INCORPORATED,  THE WILLIAMS CAPITAL

22   GROUP, L.P., and WILLIAM BLAIR &
     COMPANY, L.L.C.;

23

24   Defendants.

25

26

27

28

                          DECLARATION OF LIONEL Z. GLANCY

| | |
|---|---|
| VERNON R. DeMOIS JR., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff | Case No. CIV514163 <br> Date Filed: May 25, 2012 |

1
2
              v.
3

FACEBOOK, INC., MARK ZUCKERBERG,
4   DAVID A. EBERSMAN, DAVID M. SPILLANE,
      MARC L. ANDREESSEN,  ERSKINE B.
5   BOWLES, JAMES W. BREYER, DONALD E.
6   GRAHAM, REED HASTINGS, PETER A.
      THIEL, AND MORGAN STANLEY & CO. LLC.
7

8                     Defendants.

9  ————————————————————

10                         Case No. CIV514171
      ELBITA ALFONSO, Individually and on Behalf   Date Filed: May 25, 2012
11   of All Others Similarly Situated,
                        Plaintiff
12
              v.
13
      FACEBOOK, INC., MARK ZUCKERBERG,
14   DAVID A. EBERSMAN, DAVID M. SPILLANE,
      MARC L. ANDREESSEN, ERSKINE B.
15   BOWLES, JAMES W. BREYER, DONALD E.
      GRAHAM, REED HASTINGS, PETER A.
16   THIEL, MORGAN STANLEY & CO. LLC, J.P.
      MORGAN SECURITIES LLC, GOLDMAN,
17   SACHS & CO., MERRILL LYNCH, PIERCE,
      FENNER & SMITH INCORPORATED,
18   BARCLAYS CAPITAL INC., ALLEN &
      COMPANY LLC, CITIGROUP GLOBAL
19   MARKETS INC.C, REDIT SUISSE
      SECURITIES (USA) LLC, DEUTSCHE BANK
20   SECURITIES INC., RBC CAPITAL MARKETS,
      LLC, and WELLS FARGO SECURITIES, LLC,
21
                       Defendants.
22

23
24
25
26
27
28

———————————————————————————————
                  DECLARATION OF LIONEL Z. GLANCY

| | | |
|---|---|---|
| 1 | EDWARD J. SHIERRY, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514172<br>Date Filed: May 25, 2012 |
| 2 | | |
| | Plaintiff, | |
| 3 | | |
| | v. | |
| 4 | | |
| 5 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID E. EBERSMAN, DAVID M. | |
| 6 | SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, | |
| 7 | DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. | |
| 8 | LLC, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., ALLEN & | |
| 9 | COMPANY LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE | |
| 10 | SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL | |
| 11 | MARKETS, LLC, BLAYLOCK ROBERT VAN LLC, BMO CAPITAL | |
| 12 | MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL | |
| 13 | MARKETS, LLC, CASTLEOAK SECURITIES, L.P, COWEN AND COMPANY, LLC., | |
| 14 | E*TRADE SECURITIES, LLC, ITAU BBA USA SECURITIES, INC., LAZARD | |
| 15 | CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, LOOP CAPITAL MARKETS LLC, | |
| 16 | M.R. BEAL & COMPANY, MACQUARIE CAPITAL(USA) INC., MURIEL SIEBERT & | |
| 17 | CO., INC., OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, | |
| 18 | PIPER JAFFRA Y & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL | |
| 19 | A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, | |
| 20 | THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 21 | | |
| 22 | | |
| 23 | | |
| | Defendants. | |
| 24 | | |
| 25 | MICHAEL LIEBER, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514193<br>Date Filed:  May 29, 2012 |
| 26 | | |
| | Plaintiff, | |
| 27 | | |
| | v. | |
| 28 | | |

DECLARATION OF LIONEL Z. GLANCY

1  FACEBOOK INC.; MARK
   ZUCKERBURG; DONALD E. GRAHAM;
2  DAVID A. EBERSMAN; JAMES W.
   BREYER; DAVID M. SPILLANE; PETER
3  A. THIEL; MARC L. ANDREESSEN;
   REED HASTINGS; ERSKINE B. BOWLES;
4  MORGAN STANLEY & CO.
   LLC; J.P. MORGAN SECURITIES LLC;
5  GOLDMAN, SACHS & CO.; MERRILL
6  LYNCH; E *TRADE SECURITIES LLC;
   OPPENHEIMER & CO., INC.;
7  BARCLAYS CAPITAL INC.;
   CITIGROUP GLOBAL MARKETS INC.;
8  CREDIT SUISSE SECURITIES (USA)
9  LLC; PIERCE, FENNER & SMITH
   INCORPORATED; ALLEN &
10 FACEBOOK LLC; DEUTSCHE BANK
   SECURITIES INC.; RBC CAPITAL
11 MARKETS, LLC; MURIEL SIEBERT & CO.,
   INC.; CABRERA CAPITAL
12 MARKETS, LLC; BMO CAPITAL
   MARKETS CORP.; CASTLEOAK
13 SECURITIES, LP.; LAZARD CAPITAL
   MARKETS LLC; PACIFIC CREST
14 SECURITIES LLC; LOOP CAPITAL
15 MARKETS LLC; ITAU BBA USA
   SECURITIES, INC.;W ILLIAM BLAIR &
16 FACEBOOK, L.L.C.; BLAYLOCK
   ROBERT VAN LLC; LEBENTHAL & CO.
17 LLC; M.R. BEAL & FACEBOOK;
18 MACQUARIE CAPITAL (USA) INC.;
   PIPER JAFFRAY & CO.; COWEN AND
19 FACEBOOK, LLC; RAYMOND JAMES
   ASSOCIATES, INC.; STIFEL,
20 NICOLAUS & FACEBOOK,
   INCORPORATED; C.L. KING &
21 ASSOCIATES, INC.; SAMUEL A.
22 RAMIREZ & FACEBOOK, INC.; COWEN
   AND FACEBOOK, LLC; THE WILLIAMS
23 CAPITAL GROUP, LP; and Does 1
   through 100, inclusive,
24
25                          Defendants.
26 KAREN CUKER and BRIAN GRALNICK,
   Individually and On Behalf of All Others    Case No. CIV514238
   Similarly Situated,                         Date Filed: May 30, 2012
27
28                            Plaintiffs,

                    DECLARATION OF LIONEL Z. GLANCY

v.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W. BREYER,
DONALD E. GRAHAM, REED HASTINGS,
PETER A. THIEL, MORGAN STANLEY & CO.
LLC, J.P. MORGAN SECURITIES LLC,
GOLDMAN, SACHS & CO., MERRILL
LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, BARCLAYS CAPITAL
INC., ALLEN & COMPANY LLC, CITIGROUP
GLOBAL MARKETS INC., CREDIT SUISSE
SECURITIES (USA) LLC, DEUTSCHE BANK
SECURITIES INC., RBC CAPITAL MARKETS,
LLC, WELLS FARGO SECURITIES, LLC,
BLAYLOCK ROBERT VAN LLC, BMO
CAPITAL MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
MARKETS, LLC, CASTLEOAK SECURITIES,
L.P., COWEN AND COMPANY, LLC.,
E*TRADE SECURITIES LLC, ITAÚ BBA USA
SECURITIES, INC., LAZARD CAPITAL
MARKETS LLC, LEBENTHAL & CO., LLC,
LOOP CAPITAL MARKETS LLC, M.R. BEAL
& COMPANY, MACQUARIE CAPITAL (USA)
INC., MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC CREST
SECURITIES LLC, PIPER JAFFRAY & CO.,
RAYMOND JAMES & ASSOCIATES, INC.,
SAMUEL A. RAMIREZ & COMPANY, INC.,
STIFEL, NICOLAUS & COMPANY,
INCORPORATED, THE WILLIAMS CAPITAL
GROUP, L.P., and WILLIAM BLAIR &
COMPANY, L.L.C.,

Defendants.

HARVEY LAPIN, Individually and On Behalf of
All Others Similarly Situated,

Plaintiff,

v.

FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE, MARC L. ANDREESSEN,

Case No. CIV514240
Date Filed: May 30, 2012

DECLARATION OF LIONEL Z. GLANCY

1  ERSKINE B. BOWLES, JAMES W. BREYER,
   DONALD E. GRAHAM, REED HASTINGS,
2  PETER A. THIEL, MORGAN STANLEY & CO.
   LLC, J.P. MORGAN SECURITIES LLC,
3  GOLDMAN, SACHS & CO., MERRILL
   LYNCH, PIERCE, FENNER & SMITH
4  INCORPORATED, BARCLAYS CAPITAL
   INC., ALLEN & COMPANY LLC, CITIGROUP
5  GLOBAL MARKETS INC., CREDIT SUISSE
6  SECURITIES (USA) LLC, DEUTSCHE BANK
   SECURITIES INC., RBC CAPITAL MARKETS,
7  LLC, BLAYLOCK ROBERT VAN LLC, BMO
   CAPITAL MARKETS CORP., C.L. KING &
8  ASSOCIATES, INC., CABRERA CAPITAL
9  MARKETS, LLC, CASTLEOAK SECURITIES,
   L.P., COWEN AND COMPANY, LLC.,
10 E*TRADE SECURITIES LLC, ITAÚ BBA USA
   SECURITIES, INC., LAZARD CAPITAL
11 MARKETS LLC, LEBENTHAL & CO., LLC,
   LOOP CAPITAL MARKETS LLC, M.R. BEAL
12 & COMPANY, MACQUARIE CAPITAL (USA)
13 INC., MURIEL SIEBERT & CO., INC.,
   OPPENHEIMER & CO. INC., PACIFIC CREST
14 SECURITIES LLC, PIPER JAFFRAY & CO.,
   RAYMOND JAMES & ASSOCIATES, INC.,
15 SAMUEL A. RAMIREZ & COMPANY, INC.,
   STIFEL, NICOLAUS & COMPANY,
16 INCORPORATED, THE WILLIAMS CAPITAL
17 GROUP, L.P., and WILLIAM BLAIR &
   COMPANY, L.L.C.,
18
                                    Defendants.
19

20
   **DECLARATION OF LIONEL Z. GLANCY IN SUPPORT OF PLAINTIFFS' EX PARTE**
21 **APPLICATION FOR CONSOLIDATION OF RELATED CASES AND APPOINTMENT**
   **OF CO-LEAD CLASS COUNSEL, OR ALTERNATIVELY, FOR AN ORDER**
22 **SHORTENING TIME FOR SUCH MOTION.**

23

24

25

26

27

28

DECLARATION OF LIONEL Z. GLANCY

I, LIONEL Z. GLANCY, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California. I am a partner with the law firm of Glancy Binkow & Goldberg LLP, one of the counsel of record for Plaintiffs in the above-captioned actions. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Following the filing of this action, on May 25, 2012, an attorney at my firm received a call from Joseph Davis and Jeffrey Korn of Willkie Farr & Gallagher LLP. During this call, Joseph Davis and Jeffrey Korn of Willkie Farr & Gallagher LLP indicated that they would likely represent Defendant Facebook, Inc. in the above-captioned actions. However, during this same call, Joseph Davis and Jeffrey Korn of Willkie Farr & Gallagher LLP also indicated that it was unlikely that they would be representing the individual defendants or the underwriters in the above-captioned actions. They further stated that they were not authorized to accept service on behalf of Facebook, Inc. Additionally, during this same call, the attorneys at Willkie Farr & Gallagher LLP asked the attorney at my firm if he could supply him with some of the various complaints filed against Facebook, Inc. in San Mateo superior court.

3.      On May 29, 2012, an attorney at my firm reached out by telephone to Jeffrey Korn of Willkie Farr & Gallagher LLP in order to see if his firm would accept service on behalf of Facebook, Inc. During this call, Jeffrey Korn of Willkie Farr & Gallagher LLP indicated that he would have to check whether his firm could accept service on behalf of any of the parties in the above-captioned actions and he also indicated that his firm might be representing the individual defendants moving forward.

4.      Thereafter, the attorney at my firm emailed copies of certain of the above-captioned complaints to Joseph Davis and Jeffrey Korn of Willkie Farr & Gallagher LLP.

5.      On May 30, 2012, the attorney at my firm again spoke to Jeffrey Korn of Willkie Farr & Gallagher LLP. During this conversation, Jeffrey Korn of Willkie Farr & Gallagher LLP stated that he was still not authorized to accept service on behalf of any of the defendants in the above-captioned actions.

1       6.     Separately, following the service of process of Defendants Morgan Stanley & Co.,

2 LLC and JP Morgan Securities, LLC, James P. Rouhandeh of Davis Polk & Wardwell LLP

3 ("Davis Polk") contacted me and informed me that Davis Polk will be representing all of the

4 underwriters in this action.  However, during a subsequent conversation between James P.

5 Rouhandeh of Davis Polk and attorneys at my firm in which he confirmed that Davis Polk would

6 be representing the underwriters in above-captioned actions, Mr. Rouhandeh stated that his firm

7 could not accept service for any of the underwriters. *See* Exhibit A hereto (Email exchange

8 between Robert Prongay of Glancy Binkow & Goldberg LLP and James P. Rouhandeh of Davis

9 Polk).

10       7.     Thus, Joseph Davis and Jeffrey Korn of Willkie Farr & Gallagher LLP, who have

11 indicated that they will be counsel for Defendant Facebook and the individual defendants going

12 forward, and James P. Rouhandeh of Davis Polk & Wardwell LLP, who has indicated that his

13 firm will represent all of the underwriters in the above-captioned actions, have both stated that

14 they are unwilling and/or unable to accept service on behalf of any parties in the above-captioned

15 actions.  Therefore, prior to filing this *ex parte* application, attorneys at my firm gave *ex parte*

16 notice *via* email to Joseph Davis and Jeffrey Korn of Willkie Farr & Gallagher LLP, and James

17 P. Rouhandeh of Davis Polk & Wardwell LLP.  Additionally, *ex parte* notice was provided to

18 these same counsel by overnight mail. *See* Exhibits B & C hereto.

19       8     To date, proposed co-lead counsel for the above captioned-actions have served

20 process on Defendants Facebook, Inc, David A. Ebersman and James W. Breyer, Morgan

21 Stanley & Co., LLC, and JP Morgan Securities, LLC.

22       9.     Attached hereto as Exhibit D is a [Proposed] Order Granting Motion for

23 Consolidation of Related Cases and Appointment of Co-Lead Class Counsel.

24       10.    Attached hereto as Exhibit E is a [Proposed] Order Shortening Time for Hearing

25 of Plaintiffs' Motion for Consolidation of Related Cases and Appointing Co-Lead Counsel.

26       11.    Attached hereto as Exhibit F is Plaintiffs' Motion to Consolidate All Related

27 Actions and Appoint Co-Lead Counsel.

28

DECLARATION OF LIONEL Z. GLANCY

2

1          12.     Attached hereto as Exhibit G is Plaintiffs' Memorandum of Points and Authorities

2 in Support of Motion for Consolidation and Appointment of Co-Lead Counsel with

3 accompanying declaration and exhibits.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF LIONEL Z. GLANCY

3

1     I declare under penalty of perjury under the laws of the State of California that the

2 foregoing is true and correct.  Executed this 6th day of June, 2012, at Los Angeles, California.

3

4

5                                  LIONEL Z. GLANCY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**EXHIBIT**



**EXHIBIT**

**Subject:** Re: Facebook
**From:** Rob Prongay <rprongay@glancylaw.com>
**Date:** Fri, 01 Jun 2012 16:07:27 -0700
**To:** "Rouhandeh, James P." <rouhandeh@davispolk.com>
**CC:** "Basser, Stephen R." <Sbasser@barrack.com>

James,

Thanks for getting back to us and confirming that you will be representing all of the underwriter defendants. Since you indicated that you cannot presently accept service for all of the underwriters, in the interim, we are going to continue serving the other defendants we have not yet served. Please provide us a copy of your notice of appearance once you are able to accept service for all the underwriting defendants.

- Rob

Rouhandeh, James P. wrote:

```
calling you now.

James P. Rouhandeh
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
212 450 4835   tel
212 701 5835   fax
rouhandeh@davispolk.com
```

Confidentiality Note: This email is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Unauthorized use, dissemination, distribution or copying of this email or the information herein or taking any action in reliance on the contents of this email or the information herein, by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy the original message, any attachments thereto and all copies. Please refer to the firm's privacy policy located at www.davispolk.com for important information on this policy.

```
-----Original Message-----
From: Rob Prongay [mailto:rprongay@glancylaw.com]
Sent: Thursday, May 31, 2012 7:43 PM
To: Rouhandeh, James P.
Cc: Basser, Stephen R.
Subject: Facebook

James,

Are you available for a quick call to discuss some follow up issues from
our conversation?

Thanks,
Rob Prongay

--


Rob Prongay
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
```

```
Voice:  310-201-9150
Fax:    310-201-9160
rprongay@glancylaw.com
www.glancylaw.com
```

---

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

--

---

```
Rob Prongay
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067

Voice:  310-201-9150
Fax:    310-201-9160
rprongay@glancylaw.com
www.glancylaw.com
```

---

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

6/4/2012 11:14 AM

# GLANCY BINKOW & GOLDBERG LLP

### ATTORNEYS AT LAW

NEW YORK OFFICE
30 BROAD STREET, SUITE 1401
NEW YORK, NY 10004
TELEPHONE (212) 382-2221
FACSIMILE (212) 382-3944

1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

TELEPHONE (310) 201-9150
FACSIMILE (310) 201-9160
info@glancylaw.com

SAN FRANCISCO OFFICE
ONE EMBARCADERO CENTER, SUITE 760
SAN FRANCISCO, CA 94111
TELEPHONE (415) 972-8160
FACSIMILE (415) 972-8166

## VIA EMAIL AND OVERNIGHT MAIL

June 4, 2012

Joseph Davis
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006-1238

Jeffrey Korn
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-6099, U.S.A

Re:   *Lazar v. Facebook, Inc., et al.*; Case No. CIV 514065
      *Stokes v. Facebook, Inc., et al.*; Case No. CIV 514107
      *Pilgrim v. Facebook, Inc., et al.*; Case No. CIV 514111
      *DeMois, Jr. v. Facebook, Inc., et al.*; Case No. CIV 514163
      *Alfonso v. Facebook, Inc., et al.*; Case No. CIV 514171
      *Shierry v. Facebook, Inc., et al.*; Case No. CIV 514172
      *Lieber v. Facebook, Inc., et al.*; Case No. CIV 514193
      *Cuker & Gralnick v. Facebook, Inc., et al.*; Case No. CIV 514238
      *Lapin v. Facebook, Inc., et al.*; Case No. CIV 514240

Dear Mr. Davis and Mr. Korn,

This letter serves as notice that Plaintiffs Darryl Lazar, Jennifer Stokes, Matthew Pilgram, Vernon R. DeMois, Jr., Elbita Alfonso, Edward J. Shierry, Michael Lieber, Karen Cuker, Brian Gralnick, and Harvey Lapin (collectively, "Plaintiffs") plan to present to the Court an *ex parte* application for approval of Plaintiffs' Motion for Consolidation of Related Cases and Appointment of Co-Lead Class Counsel, or Alternatively, for an Order Shortening Time For Such Motion. Plaintiffs will attempt to have the *ex parte* application heard at 2:00 p.m. on Thursday, June 7, 2012, at the Southern Branch of the San Mateo County Superior Court, Hall of Justice, 400 County Center, Redwood City, CA 94063.

Most sincerely,

Lionel Z. Glancy

# GLANCY BINKOW & GOLDBERG LLP

ATTORNEYS AT LAW

**NEW YORK OFFICE**
30 BROAD STREET, SUITE 1401
NEW YORK, NY 10004
TELEPHONE (212) 382-2221
FACSIMILE (212) 382-3944

1925 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

TELEPHONE (310) 201-9150
FACSIMILE (310) 201-9160
info@glancylaw.com

**SAN FRANCISCO OFFICE**
ONE EMBARCADERO CENTER, SUITE 760
SAN FRANCISCO, CA 94111
TELEPHONE (415) 972-8160
FACSIMILE (415) 972-8166

## VIA EMAIL AND OVERNIGHT MAIL

June 4, 2012

James P. Rouhandeh
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

Re:    *Lazar v. Facebook, Inc., et al.*; Case No. CIV 514065
       *Stokes v. Facebook, Inc., et al.*; Case No. CIV 514107
       *Pilgrim v. Facebook, Inc., et al.*; Case No. CIV 514111
       *DeMois, Jr. v. Facebook, Inc., et al.*; Case No. CIV 514163
       *Alfonso v. Facebook, Inc., et al.*; Case No. CIV 514171
       *Shierry v. Facebook, Inc., et al.*; Case No. CIV 514172
       *Lieber v. Facebook, Inc., et al.*; Case No. CIV 514193
       *Cuker & Gralnick v. Facebook, Inc., et al.*; Case No. CIV 514238
       *Lapin v. Facebook, Inc., et al.*; Case No. CIV 514240

Dear Mr. Rouhandeh,

This letter serves as notice that Plaintiffs Darryl Lazar, Jennifer Stokes, Matthew Pilgram, Vernon R. DeMois, Jr., Elbita Alfonso, Edward J. Shierry, Michael Lieber, Karen Cuker, Brian Gralnick, and Harvey Lapin (collectively, "Plaintiffs") plan to present to the Court an *ex parte* application for approval of Plaintiffs' Motion for Consolidation of Related Cases and Appointment of Co-Lead Class Counsel, or Alternatively, for an Order Shortening Time For Such Motion. Plaintiffs will attempt to have the *ex parte* application heard at 2:00 p.m. on Thursday, June 7, 2012, at the Southern Branch of the San Mateo County Superior Court, Hall of Justice, 400 County Center, Redwood City, CA 94063.

Most sincerely,

Lionel Z. Glancy

1  LIONEL Z. GLANCY (#134180)
   MICHAEL GOLDBERG (#188669)
2  ROBERT V. PRONGAY (#270796)
   CASEY E. SADLER (#274241)
3  GLANCY BINKOW & GOLDBERG LLP
   1925 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone:    (310) 201-9150
5  Facsimile:    (310) 201-9160
   Email:    info@glancylaw.com
6
7  *Attorneys for Plaintiff Darryl Lazar*

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 FOR THE COUNTY OF SAN MATEO

10  DARRYL LAZAR, Individually and On Behalf    | Case No. CIV514065
    of All Others Similarly Situated,
11                                               | CLASS ACTION
                  Plaintiff,
12                                               | [PROPOSED] ORDER
                    v.                           | GRANTING PLAINTIFFS'
13                                               | MOTION TO CONSOLIDATE
                                                 | ALL RELATED ACTIONS AND
14  FACEBOOK, INC., MARK ZUCKERBERG,             | APPOINTING CO-LEAD
    DAVID A. EBERSMAN, DAVID M.                  | COUNSEL
15  SPILLANE, MARC L. ANDREESSEN,
    ERSKINE B. BOWLES, JAMES W. BREYER,
16  DONALD E. GRAHAM, REED HASTINGS,
    PETER A. THIEL, MORGAN STANLEY &
17  CO. LLC, J.P. MORGAN SECURITIES LLC,
    GOLDMAN, SACHS & CO., MERRILL
18  LYNCH, PIERCE, FENNER & SMITH
    INCORPORATED, BARCLAYS CAPITAL
19  INC., ALLEN & COMPANY LLC,
    CITIGROUP GLOBAL MARKETS INC.,
20  CREDIT SUISSE SECURITIES (USA) LLC,
    DEUTSCHE BANK SECURITIES INC., RBC
21  CAPITAL MARKETS, LLC, BLAYLOCK
    ROBERT VAN LLC, BMO CAPITAL
22  MARKETS CORP., C.L. KING &
    ASSOCIATES, INC., CABRERA CAPITAL
23  MARKETS, LLC, CASTLEOAK
    SECURITIES, L.P., COWEN AND
24  COMPANY, LLC., E*TRADE SECURITIES
    LLC, ITAÚ BBA USA SECURITIES, INC.,
25  LAZARD CAPITAL MARKETS LLC,
    LEBENTHAL & CO., LLC, LOOP CAPITAL
26  MARKETS LLC, M.R. BEAL & COMPANY,
27
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

1  MACQUARIE CAPITAL (USA) INC.,
   MURIEL SIEBERT & CO., INC.,
2  OPPENHEIMER & CO. INC., PACIFIC
   CREST SECURITIES LLC, PIPER JAFFRAY
3  & CO., RAYMOND JAMES & ASSOCIATES,
   INC., SAMUEL A. RAMIREZ & COMPANY,
4  INC., STIFEL, NICOLAUS & COMPANY,
   INCORPORATED, THE WILLIAMS
5  CAPITAL GROUP, L.P., and WILLIAM
   BLAIR & COMPANY, L.L.C.,
6
7           Defendants.
   _____
8  JENNIFER STOKES , Individually and On
   Behalf of All Others Similarly Situated,       Case No. CIV514107
9                                                  Date Filed: May 23, 2012
             Plaintiff,
10
             v.
11
12  FACEBOOK, INC., MARK ZUCKERBERG,
    DAVID A. EBERSMAN, DAVID M.
13  SPILLANE, MARC L. ANDREESSEN,
    ERSKINE B. BOWLES, JAMES W. BREYER,
14  DONALD E. GRAHAM, REED HASTINGS,
    PETER A. THIEL, MORGAN STANLEY & CO.
15  LLC, J.P. MORGAN SECURITIES LLC,
    GOLDMAN, SACHS & CO., MERRILL
16  LYNCH, PIERCE, FENNER & SMITH
    INCORPORATED, BARCLAYS CAPITAL
17  INC., ALLEN & COMPANY LLC, CITIGROUP
    GLOBAL MARKETS INC., CREDIT SUISSE
18  SECURITIES (USA) LLC, DEUTSCHE BANK
    SECURITIES INC., RBC CAPITAL MARKETS,
19  LLC, BLAYLOCK ROBERT VAN LLC, BMO
    CAPITAL MARKETS CORP., C.L. KING &
20  ASSOCIATES, INC., CABRERA CAPITAL ·
    MARKETS, LLC, CASTLEOAK SECURITIES,
21  L.P., COWEN AND COMPANY, LLC.,
    E*TRADE SECURITIES LLC, ITAÚ BBA USA
22  SECURITIES, INC., LAZARD CAPITAL
    MARKETS LLC, LEBENTHAL & CO., LLC,
23  LOOP CAPITAL MARKETS LLC, M.R. BEAL
    & COMPANY, MACQUARIE CAPITAL (USA)
24  INC., MURIEL SIEBERT & CO., INC.,
    OPPENHEIMER & CO. INC., PACIFIC CREST
25  SECURITIES LLC, PIPER JAFFRAY & CO.,
    RAYMOND JAMES & ASSOCIATES, INC.,
26  SAMUEL A. RAMIREZ & COMPANY, INC.,
27
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

STIFEL, NICOLAUS & COMPANY,
INCORPORATED,  THE WILLIAMS CAPITAL
GROUP, L.P., and WILLIAM BLAIR &
COMPANY, L.L.C.,

                Defendants.

MATTHEW PILGRAM, Individually and On
Behalf of All Others Similarly Situated,

    Plaintiff,

    v.

FACEBOOK, INC.,  MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
SPILLANE,  MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W. BREYER,
DONALD E. GRAHAM, REED HASTINGS,
PETER A. THIEL, MORGAN STANLEY & CO.
LLC, BARCLAYS CAPITAL INC., ALLEN &
COMPANY LLC, CITIGROUP GLOBAL
MARKETS INC., CREDIT SUISSE
SECURITIES (USA) LLC, DEUTSCHE BANK
SECURITIES INC., RBC CAPITAL MARKETS,
LLC, BLAYLOCK ROBERT VAN LLC, BMO
CAPITAL MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
MARKETS, LLC, CASTLEOAK SECURITIES,
L.P., COWEN AND COMPANY, LLC.,
E*TRADE SECURITIES LLC, ITAÚ BBA USA
SECURITIES, INC., LAZARD CAPITAL
MARKETS LLC, LEBENTHAL & CO., LLC,
LOOP CAPITAL MARKETS LLC,  M.R. BEAL
& COMPANY, MACQUARIE CAPITAL (USA)
INC., MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC CREST
SECURITIES LLC, PIPER JAFFRAY & CO.,
RAYMOND JAMES & ASSOCIATES, INC.,
SAMUEL A. RAMIREZ & COMPANY, INC.,
STIFEL, NICOLAUS & COMPANY,
INCORPORATED,  THE WILLIAMS CAPITAL
GROUP, L.P., and WILLIAM BLAIR &
COMPANY, L.L.C.,

Defendants.

Case No. CIV514111
Date Filed: May 23, 2012

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

| | | |
|---|---|---|
| 1 | VERNON R. DeMOIS JR., Individually and on Behalf of All Others Similarly Situated, | Case No. CIV514163 Date Filed: May 25, 2012 |
| 2 | Plaintiff | |
| 3 | v. | |
| 4 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, | |
| 5 | MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. | |
| 6 | GRAHAM, REED HASTINGS, PETER A. THIEL, AND MORGAN STANLEY & CO. LLC. | |
| 7 | | |
| 8 | Defendants. | |
| 9 | | |

| | | |
|---|---|---|
| 10 | ELBITA ALFONSO, Individually and on Behalf of All Others Similarly Situated, | Case No. CIV514171 Date Filed: May 25, 2012 |
| 11 | | |
| 12 | Plaintiff | |
| 13 | v. | |
| 14 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. | |
| 15 | BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. | |
| 16 | THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, | |
| 17 | SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | |
| 18 | BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL | |
| 19 | MARKETS INC.C, REDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK | |
| 20 | SECURITIES INC., RBC CAPITAL MARKETS, LLC, and WELLS FARGO SECURITIES, LLC, | |
| 21 | | |
| 22 | Defendants. | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

| | | |
|---|---|---|
| 1 | EDWARD J. SHIERRY, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514172<br>Date Filed: May 25, 2012 |
| 2 | | |
| | Plaintiff, | |
| 3 | | |
| | v. | |
| 4 | | |
| 5 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID E. EBERSMAN, DAVID M. | |
| 6 | SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, | |
| 7 | DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. | |
| 8 | LLC, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., ALLEN & | |
| 9 | COMPANY LLC, CITIGROUP GLOBAL | |
| 10 | MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE | |
| 11 | BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK | |
| 12 | ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING & | |
| 13 | ASSOCIATES, INC., CABRERA CAPITAL | |
| 14 | MARKETS, LLC, CASTLEOAK SECURITIES, L.P, COWEN AND COMPANY, LLC., | |
| 15 | E*TRADE SECURITIES, LLC, ITAU BBA USA SECURITIES, INC., LAZARD | |
| 16 | CAPITAL MARKETS LLC, LEBENTHAL & | |
| 17 | CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE | |
| 18 | CAPITAL(USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., | |
| 19 | PACIFIC CREST SECURITIES LLC, PIPER JAFFRA Y & CO., RAYMOND JAMES | |
| 20 | & ASSOCIATES, INC., SAMUEL | |
| 21 | A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, | |
| 22 | THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | MICHAEL LIEBER, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514193<br>Date Filed: May 29, 2012 |
| 27 | | |
| | Plaintiff, | |
| 28 | | |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

1    v.

2    FACEBOOK INC.; MARK
     ZUCKERBURG; DONALD E. GRAHAM;
3    DAVID A. EBERSMAN; JAMES W.
     BREYER; DAVID M. SPILLANE; PETER
4    A. THIEL; MARC L. ANDREESSEN;
     REED HASTINGS; ERSKINE B. BOWLES;
5    MORGAN STANLEY & CO.
6    LLC; J.P. MORGAN SECURITIES LLC;
     GOLDMAN, SACHS & CO.; MERRILL
7    LYNCH; E *TRADE SECURITIES LLC;
     OPPENHEIMER & CO., INC.;
8    BARCLAYS CAPITAL INC.;
     CITIGROUP GLOBAL MARKETS INC.;
9    CREDIT SUISSE SECURITIES (USA)
10   LLC; PIERCE, FENNER & SMITH
     INCORPORATED; ALLEN &
11   FACEBOOK LLC; DEUTSCHE BANK
     SECURITIES INC.; RBC CAPITAL
12   MARKETS, LLC; MURIEL SIEBERT & CO.,
     INC.; CABRERA CAPITAL
13   MARKETS, LLC; BMO CAPITAL
14   MARKETS CORP.; CASTLEOAK
     SECURITIES, LP.; LAZARD CAPITAL
15   MARKETS LLC; PACIFIC CREST
     SECURITIES LLC; LOOP CAPITAL
16   MARKETS LLC; ITAU BBA USA
17   SECURITIES, INC.;W ILLIAM BLAIR &
     FACEBOOK, L.L.C.; BLAYLOCK
18   ROBERT VAN LLC; LEBENTHAL & CO.
     LLC; M.R. BEAL & FACEBOOK;
19   MACQUARIE CAPITAL (USA) INC.;
20   PIPER JAFFRAY & CO.; COWEN AND
     FACEBOOK, LLC; RAYMOND JAMES
21   ASSOCIATES, INC.; STIFEL,
     NICOLAUS & FACEBOOK,
22   INCORPORATED; C.L. KING &
     ASSOCIATES, INC.; SAMUEL A.
23   RAMIREZ & FACEBOOK, INC.; COWEN
24   AND FACEBOOK, LLC; THE WILLIAMS
     CAPITAL GROUP, LP; and Does 1
25   through 100, inclusive,

26                         Defendants.

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

| | |
|---|---|
| 1  KAREN CUKER and BRIAN GRALNICK,<br>  Individually and On Behalf of All Others Similarly<br>2  Situated, | Case No. CIV514238<br>Date Filed: May 30, 2012 |

1  KAREN CUKER and BRIAN GRALNICK,
   Individually and On Behalf of All Others Similarly
2  Situated,

3                                         Plaintiffs,

4  v.

5  FACEBOOK, INC., MARK ZUCKERBERG,
6  DAVID A. EBERSMAN, DAVID M. SPILLANE,
   MARC L. ANDREESSEN, ERSKINE B.
7  BOWLES, JAMES W. BREYER, DONALD E.
   GRAHAM, REED HASTINGS, PETER A.
8  THIEL, MORGAN STANLEY & CO. LLC, J.P.
   MORGAN SECURITIES LLC, GOLDMAN,
9  SACHS & CO., MERRILL LYNCH, PIERCE,
   FENNER & SMITH INCORPORATED,
10  BARCLAYS CAPITAL INC., ALLEN &
11  COMPANY LLC, CITIGROUP GLOBAL
   MARKETS INC., CREDIT SUISSE
12  SECURITIES (USA) LLC, DEUTSCHE BANK
   SECURITIES INC., RBC CAPITAL MARKETS,
13  LLC, WELLS FARGO SECURITIES, LLC,
14  BLAYLOCK ROBERT VAN LLC, BMO
   CAPITAL MARKETS CORP., C.L. KING &
15  ASSOCIATES, INC., CABRERA CAPITAL
   MARKETS, LLC, CASTLEOAK SECURITIES,
16  L.P., COWEN AND COMPANY, LLC.,
17  E*TRADE SECURITIES LLC, ITAÚ BBA USA
   SECURITIES, INC., LAZARD CAPITAL
18  MARKETS LLC, LEBENTHAL & CO., LLC,
   LOOP CAPITAL MARKETS LLC,  M.R. BEAL
19  & COMPANY, MACQUARIE CAPITAL (USA)
20  INC., MURIEL SIEBERT & CO., INC.,
   OPPENHEIMER & CO. INC., PACIFIC CREST
21  SECURITIES LLC, PIPER JAFFRAY & CO.,
   RAYMOND JAMES & ASSOCIATES, INC.,
22  SAMUEL A. RAMIREZ & COMPANY, INC.,
   STIFEL, NICOLAUS & COMPANY,
23  INCORPORATED,  THE WILLIAMS CAPITAL
   GROUP, L.P., and WILLIAM BLAIR &
24  COMPANY, L.L.C.,

25                                         Defendants.

26  _____

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

| | |
|---|---|
| 1 | HARVEY LAPIN, Individually and On Behalf of All Others Similarly Situated, |
| 2 | |
| | Plaintiff, |
| 3 | |
| | v. |
| 4 | |
| 5 | FACEBOOK, INC.,  MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, |
| 6 | MARC L. ANDREESSEN,  ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. |
| 7 | GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. |
| 8 | MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, |
| 9 | FENNER & SMITH INCORPORATED, |
| 10 | BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL |
| 11 | MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK |
| 12 | SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK ROBERT VAN LLC, BMO |
| 13 | CAPITAL MARKETS CORP., C.L. KING & |
| 14 | ASSOCIATES, INC., CABRERA CAPITAL MARKETS, LLC, CASTLEOAK SECURITIES, |
| 15 | L.P., COWEN AND COMPANY, LLC., E*TRADE SECURITIES LLC, ITAÚ BBA USA |
| 16 | SECURITIES, INC., LAZARD CAPITAL |
| 17 | MARKETS LLC, LEBENTHAL & CO., LLC, LOOP CAPITAL MARKETS LLC,  M.R. BEAL |
| 18 | & COMPANY, MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., |
| 19 | OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., |
| 20 | RAYMOND JAMES & ASSOCIATES, INC., |
| 21 | SAMUEL A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, |
| 22 | INCORPORATED,  THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & |
| 23 | COMPANY, L.L.C., |
| 24 | Defendants. |

Case No. CIV514240
Date Filed: May 30, 2012

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
ALL RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL

1       Darryl Lazar, Jennifer Stokes, Matthew Pilgrim, Vernon R. DeMois, Jr., Elbita Alfonso,

2   Edward J. Shierry, Michael Lieber, Karen Cuker, Brian Gralnick and Harvey Lapin ("Plaintiffs")

3   ("Plaintiffs")'s Motion to Consolidate All Related Actions and Appoint Co-Lead Counsel (the

4   "Motion") came on regularly before the Court, and the Court, having considered the Motion

5   together with all papers on file, hereby orders as follows:

6       Plaintiffs' Motion is GRANTED.

7       The following actions are hereby consolidated for all purposes, including pretrial

8   proceedings and trial, pursuant to Section 1048 of the *California Code of Civil Procedure*:

9

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Darryl Lazar v. Facebook, Inc. et al.,* | CIV514065 | May 22, 2012 |
| *Jennifer Stokes v. Facebook, Inc. et al* | CIV514107 | May 23, 2012 |
| *Matthew Pilgrim v. Facebook, Inc. et al* | CIV514107 | May 23, 2012 |
| *Vernon R. DeMois, Jr., v. Facebook, Inc., et al.* | CIV514163 | May 25, 2012 |
| *Elbita Alfonso, v. Facebook, Inc., et al,* | CIV514171 | May 25, 2012 |
| *Edward J. Shierry, v. Facebook, Inc., et al.* | CIV514172 | May 25, 2012 |
| *Michael Lieber v. Facebook, Inc., et al.* | CIV514193 | May 29, 2012 |
| *Karen Cuker and Brian Gralnick v. Facebook, Inc., et al.* | CIV514238 | May 30, 2012 |
| *Harvey Lapin v. Facebook, Inc., et al.* | CIV514240 | May 30, 2012 |

21       Any other actions now pending or hereafter filed in or transferred to this Court, which

22   arise out of the same facts as alleged in the above-identified cases, shall be consolidated for all

23   purposes if and when they are drawn to the Court's attention.

24       Every pleading filed in these consolidated actions, or in any separate action included

25   herein, shall bear the following caption:

26

27

28       [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
    ALL RELATED ACTIONS AND APPOINT CO-LEAD COUNSEL

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2    COUNTY OF ALAMEDA

3    In re Facebook, Inc., et al.                    )    Lead Case No. CIV514065
                                                      )
4    _____             )
                                                      )
5    This Document Relates To:                        )
                                                      )
6    ALL ACTIONS.                                     )
                                                      )
7                                                     )
                                                      )
8    _____             )

9

10        The files of these consolidated actions shall be maintained in one file under Master File

11   No. CIV514065.

12        Plaintiffs shall file a consolidated complaint ("Complaint") no later than 45 days from the

13   date of entry of this Order, unless otherwise agreed between the parties and approved by the

14   Court, which shall be deemed the operative complaint, superseding all complaints filed in any of

15   the actions consolidated hereunder.

        Co-Lead Counsel for Plaintiffs in the consolidated actions are:

16        I.    Glancy Binkow & Goldberg LLP, 1925 Century Park East, Suite 2100, Los
17              Angeles, California 90067, Telephone: (310) 201-9150, Facsimile: (310) 201-
                9160

18        II.   Johnson & Weaver, LLP, 110 West "A" Street, Suite 750 San Diego, CA 92101,
19              Telephone: (619) 230-0063, Facsimile: (619) 255-1856

20        III.  Barrack, Rodos & Bacine, One America Plaza, 600 West Broadway, Suite 900,
                San Diego, CA 92010, Telephone: (619) 230-0800, Facsimile: (619) 230-1874

21

22        Co-Lead Counsel shall have authority to speak for Plaintiffs in matters regarding pre-trial

23   procedure, trial and settlement negotiations and shall make all work assignments in such manner

24   as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or

25   unproductive effort.

26

27

28
        [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE
               ALL RELATED ACTIONS AND APPOINT CO-LEAD COUNSEL
                                        2

1        Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other

2  duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all

3  Plaintiffs.

4        This Order shall apply to each case, arising out of the same or substantially the same

5  transactions or events as these cases, which is subsequently filed in, removed to or transferred to

6  this Court, including cases transferred to this Court.

7        When a case which properly belongs as part of *In re Facebook, Inc. Shareholder*

8  *Litigation*, Lead Case No. CIV514065, is hereafter filed in the Court or transferred here from

9  another court, this Court requests the assistance of counsel in calling to the attention of the Clerk

10  of the Court the filing or transfer of any case which might properly be consolidated as part of the

11  lead case, and counsel are to assist in assuring that counsel in subsequent actions receive notice

12  of this Order.

* * *

O R D E R

13

14

IT IS SO ORDERED.

15

DATED: _____         _____

16

17                      Hon. _____

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE<br>ALL RELATED ACTIONS AND APPOINT CO-LEAD COUNSEL<br>3



**EXHIBIT**



**EXHIBIT**

1  LIONEL Z. GLANCY (#134180)
   MICHAEL GOLDBERG (#188669)
2  ROBERT V. PRONGAY (#270796)
   CASEY E. SADLER (#274241)
3  GLANCY BINKOW & GOLDBERG LLP
   1925 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone:    (310) 201-9150
5  Facsimile:    (310) 201-9160
   Email:        info@glancylaw.com
6

7  *Attorneys for Plaintiff Darryl Lazar*

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF SAN MATEO

10 DARRYL LAZAR, Individually and On Behalf   Case No. CIV514065
   of All Others Similarly Situated,
11                                            CLASS ACTION
                                  Plaintiff,
12                                            [PROPOSED] ORDER
                 v.                           SHORTENING TIME FOR
13                                            HEARING OF PLAINTIFFS'
   FACEBOOK, INC.,  MARK ZUCKERBERG,          MOTION FOR
14 DAVID A. EBERSMAN, DAVID M.                CONSOLIDATION OF RELATED
   SPILLANE,  MARC L. ANDREESSEN,             CASES AND APPOINTMENT OF
15 ERSKINE B. BOWLES, JAMES W. BREYER,        CO-LEAD COUNSEL
   DONALD E. GRAHAM, REED HASTINGS,
16 PETER A. THIEL, MORGAN STANLEY &
   CO. LLC, J.P. MORGAN SECURITIES LLC,
17 GOLDMAN, SACHS & CO., MERRILL
   LYNCH, PIERCE, FENNER & SMITH
18 INCORPORATED, BARCLAYS CAPITAL
   INC., ALLEN & COMPANY LLC,
19 CITIGROUP GLOBAL MARKETS INC.,
   CREDIT SUISSE SECURITIES (USA) LLC,
20 DEUTSCHE BANK SECURITIES INC., RBC
   CAPITAL MARKETS, LLC, BLAYLOCK
21 ROBERT VAN LLC, BMO CAPITAL
   MARKETS CORP., C.L. KING &
22 ASSOCIATES, INC., CABRERA CAPITAL
   MARKETS, LLC, CASTLEOAK
23 SECURITIES, L.P., COWEN AND
   COMPANY, LLC, E*TRADE SECURITIES
24 LLC, ITAÚ BBA USA SECURITIES, INC.,
   LAZARD CAPITAL MARKETS LLC,
25 LEBENTHAL & CO., LLC, LOOP CAPITAL
   MARKETS LLC,  M.R. BEAL & COMPANY,
26 MACQUARIE CAPITAL (USA) INC.,
27
28

1   MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC
2   CREST SECURITIES LLC, PIPER JAFFRAY
& CO., RAYMOND JAMES & ASSOCIATES,
3   INC., SAMUEL A. RAMIREZ & COMPANY,
INC., STIFEL, NICOLAUS & COMPANY,
4   INCORPORATED, THE WILLIAMS
CAPITAL GROUP, L.P., and WILLIAM
5   BLAIR & COMPANY, L.L.C.,

6

                Defendants.

7   JENNIFER STOKES , Individually and On
Behalf of All Others Similarly Situated,
8

9               Plaintiff,

10               v.

11   FACEBOOK, INC., MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.
12   SPILLANE, MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W. BREYER,
13   DONALD E. GRAHAM, REED HASTINGS,
14   PETER A. THIEL, MORGAN STANLEY & CO.
LLC, J.P. MORGAN SECURITIES LLC,
15   GOLDMAN, SACHS & CO., MERRILL
LYNCH, PIERCE, FENNER & SMITH
16   INCORPORATED, BARCLAYS CAPITAL
17   INC., ALLEN & COMPANY LLC, CITIGROUP
GLOBAL MARKETS INC., CREDIT SUISSE
18   SECURITIES (USA) LLC, DEUTSCHE BANK
SECURITIES INC., RBC CAPITAL MARKETS,
19   LLC, BLAYLOCK ROBERT VAN LLC, BMO
20   CAPITAL MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL
21   MARKETS, LLC, CASTLEOAK SECURITIES,
L.P., COWEN AND COMPANY, LLC.,
22   E*TRADE SECURITIES LLC, ITAÚ BBA USA
SECURITIES, INC., LAZARD CAPITAL
23   MARKETS LLC, LEBENTHAL & CO., LLC,
24   LOOP CAPITAL MARKETS LLC, M.R. BEAL
& COMPANY, MACQUARIE CAPITAL (USA)
25   INC., MURIEL SIEBERT & CO., INC.,
OPPENHEIMER & CO. INC., PACIFIC CREST
26   SECURITIES LLC, PIPER JAFFRAY & CO.,
RAYMOND JAMES & ASSOCIATES, INC.,
27   SAMUEL A. RAMIREZ & COMPANY, INC.,
STIFEL, NICOLAUS & COMPANY,
28   INCORPORATED, THE WILLIAMS CAPITAL

Case No. CIV514107
Date Filed: May 23, 2012

1 | GROUP, L.P., and WILLIAM BLAIR &
COMPANY, L.L.C.,

2

      Defendants.

3

4 | MATTHEW PILGRAM, Individually and On    Case No. CIV514111
Behalf of All Others Similarly Situated,      Date Filed: May 23, 2012

5

6 | Plaintiff,

7 | v.

8 | FACEBOOK, INC.,  MARK ZUCKERBERG,
DAVID A. EBERSMAN, DAVID M.

9 | SPILLANE,  MARC L. ANDREESSEN,
ERSKINE B. BOWLES, JAMES W. BREYER,

10 | DONALD E. GRAHAM, REED HASTINGS,
PETER A. THIEL, MORGAN STANLEY & CO.

11 | LLC,BARCLAYS CAPITAL INC., ALLEN &
COMPANY LLC, CITIGROUP GLOBAL

12 | MARKETS INC., CREDIT SUISSE
SECURITIES (USA) LLC, DEUTSCHE BANK

13 | SECURITIES INC., RBC CAPITAL MARKETS,
LLC, BLAYLOCK ROBERT VAN LLC, BMO

14 | CAPITAL MARKETS CORP., C.L. KING &
ASSOCIATES, INC., CABRERA CAPITAL

15 | MARKETS, LLC, CASTLEOAK SECURITIES,
L.P., COWEN AND COMPANY, LLC.,

16 | E*TRADE SECURITIES LLC, ITAÚ BBA USA
SECURITIES, INC., LAZARD CAPITAL

17 | MARKETS LLC, LEBENTHAL & CO., LLC,
LOOP CAPITAL MARKETS LLC,  M.R. BEAL

18 | & COMPANY, MACQUARIE CAPITAL (USA)
INC., MURIEL SIEBERT & CO., INC.,

19 | OPPENHEIMER & CO. INC., PACIFIC CREST
SECURITIES LLC, PIPER JAFFRAY & CO.,

20 | RAYMOND JAMES & ASSOCIATES, INC.,
SAMUEL A. RAMIREZ & COMPANY, INC.,

21 | STIFEL, NICOLAUS & COMPANY,
INCORPORATED,  THE WILLIAMS CAPITAL

22 | GROUP, L.P., and WILLIAM BLAIR &
COMPANY, L.L.C.,

23

24 | Defendants.

25

26

27

28

| | | |
|---|---|---|
| 1 | VERNON R. DeMOIS JR., Individually and on Behalf of All Others Similarly Situated, | Case No. CIV514163<br>Date Filed: May 25, 2012 |
| 2 | Plaintiff | |
| 3 | v. | |
| 4 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, | |
| 5 | MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. | |
| 6 | GRAHAM, REED HASTINGS, PETER A. THIEL, AND MORGAN STANLEY & CO. LLC. | |
| 7 | | |
| 8 | Defendants. | |
| 9 | | |
| 10 | ELBITA ALFONSO, Individually and on Behalf of All Others Similarly Situated, | |
| 11 | Plaintiff | Case No. CIV514171<br>Date Filed: May 25, 2012 |
| 12 | v. | |
| 13 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. | |
| 14 | BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. | |
| 15 | THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, | |
| 16 | SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | |
| 17 | BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL | |
| 18 | MARKETS INC.C, REDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK | |
| 19 | SECURITIES INC., RBC CAPITAL MARKETS, LLC, and WELLS FARGO SECURITIES, LLC, | |
| 20 | | |
| 21 | Defendants. | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | EDWARD J. SHIERRY, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514172<br>Date Filed: May 25, 2012 |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | FACEBOOK, INC., MARK ZUCKERBERG, | |
| 5 | DAVID E. EBERSMAN, DAVID M. | |
| 6 | SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, | |
| 7 | DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. | |
| 8 | LLC, GOLDMAN, SACHS & CO., | |
| 9 | BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL | |
| 10 | MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE | |
| 11 | BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK | |
| 12 | ROBERT VAN LLC, BMO CAPITAL | |
| 13 | MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL | |
| 14 | MARKETS, LLC, CASTLEOAK SECURITIES, L.P, COWEN AND COMPANY, LLC., | |
| 15 | E*TRADE SECURITIES, LLC, ITAU | |
| 16 | BBA USA SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL & | |
| 17 | CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE | |
| 18 | CAPITAL(USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., | |
| 19 | PACIFIC CREST SECURITIES LLC, | |
| 20 | PIPER JAFFRA Y & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL | |
| 21 | A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, | |
| 22 | THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | MICHAEL LIEBER, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514193<br>Date Filed: May 29, 2012 |
| 27 | Plaintiff, | |
| 28 | | |

1    v.

2    FACEBOOK INC.; MARK
     ZUCKERBURG; DONALD E. GRAHAM;
3    DAVID A. EBERSMAN; JAMES W.
     BREYER; DAVID M. SPILLANE; PETER
4    A. THIEL; MARC L. ANDREESSEN;
     REED HASTINGS; ERSKINE B. BOWLES;
5    MORGAN STANLEY & CO.
6    LLC; J.P. MORGAN SECURITIES LLC;
     GOLDMAN, SACHS & CO.; MERRILL
7    LYNCH; E *TRADE SECURITIES LLC;
     OPPENHEIMER & CO., INC.;
8    BARCLAYS CAPITAL INC.;
9    CITIGROUP GLOBAL MARKETS INC.;
     CREDIT SUISSE SECURITIES (USA)
10   LLC; PIERCE, FENNER & SMITH
     INCORPORATED; ALLEN &
11   FACEBOOK LLC; DEUTSCHE BANK
     SECURITIES INC.; RBC CAPITAL
12   MARKETS, LLC; MURIEL SIEBERT & CO.,
     INC.; CABRERA CAPITAL
13   MARKETS, LLC; BMO CAPITAL
14   MARKETS CORP.; CASTLEOAK
     SECURITIES, LP.; LAZARD CAPITAL
15   MARKETS LLC; PACIFIC CREST
     SECURITIES LLC; LOOP CAPITAL
16   MARKETS LLC; ITAU BBA USA
17   SECURITIES, INC.;W ILLIAM BLAIR &
     FACEBOOK, L.L.C.; BLAYLOCK
18   ROBERT VAN LLC; LEBENTHAL & CO.
     LLC; M.R. BEAL & FACEBOOK;
19   MACQUARIE CAPITAL (USA) INC.;
     PIPER JAFFRAY & CO.; COWEN AND
20   FACEBOOK, LLC; RAYMOND JAMES
     ASSOCIATES, INC.; STIFEL,
21   NICOLAUS & FACEBOOK,
22   INCORPORATED; C.L. KING &
     ASSOCIATES, INC.; SAMUEL A.
23   RAMIREZ & FACEBOOK, INC.; COWEN
     AND FACEBOOK, LLC; THE WILLIAMS
24   CAPITAL GROUP, LP; and Does 1
25   through 100, inclusive,

26                        Defendants.

27

28   KAREN CUKER and BRIAN GRALNICK,        Case No. CIV514238

| | | |
|---|---|---|
| 1 | Individually and On Behalf of All Others Similarly Situated, | Date Filed: May 30, 2012 |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, | |
| 6 | MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. | |
| 7 | GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC, J.P. | |
| 8 | MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL LYNCH, PIERCE, | |
| 9 | FENNER & SMITH INCORPORATED, | |
| 10 | BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL | |
| 11 | MARKETS INC., CREDIT SUISSE | |
| 12 | SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, | |
| 13 | LLC, WELLS FARGO SECURITIES, LLC, BLAYLOCK ROBERT VAN LLC, BMO | |
| 14 | CAPITAL MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL | |
| 15 | MARKETS, LLC, CASTLEOAK SECURITIES, L.P., COWEN AND COMPANY, LLC., | |
| 16 | E*TRADE SECURITIES LLC, ITAÚ BBA USA | |
| 17 | SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, | |
| 18 | LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE CAPITAL (USA) | |
| 19 | INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., PACIFIC CREST | |
| 20 | SECURITIES LLC, PIPER JAFFRAY & CO., | |
| 21 | RAYMOND JAMES & ASSOCIATES, INC., SAMUEL A. RAMIREZ & COMPANY, INC., | |
| 22 | STIFEL, NICOLAUS & COMPANY, INCORPORATED, THE WILLIAMS CAPITAL | |
| 23 | GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 24 | | |
| 25 | Defendants. | |
| 26 | | |
| 27 | | |
| 28 | HARVEY LAPIN, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514240 |

Date Filed: May 30, 2012

1                                            Plaintiff,

2       v.

3
        FACEBOOK, INC.,  MARK ZUCKERBERG,
4       DAVID A. EBERSMAN, DAVID M. SPILLANE,
        MARC L. ANDREESSEN,  ERSKINE B.
5       BOWLES, JAMES W. BREYER, DONALD E.
6       GRAHAM, REED HASTINGS, PETER A.
        THIEL, MORGAN STANLEY & CO. LLC, J.P.
7       MORGAN SECURITIES LLC, GOLDMAN,
        SACHS & CO., MERRILL LYNCH, PIERCE,
8       FENNER & SMITH INCORPORATED,
9       BARCLAYS CAPITAL INC., ALLEN &
        COMPANY LLC, CITIGROUP GLOBAL
10      MARKETS INC., CREDIT SUISSE
        SECURITIES (USA) LLC, DEUTSCHE BANK
11      SECURITIES INC., RBC CAPITAL MARKETS,
        LLC, BLAYLOCK ROBERT VAN LLC, BMO
12      CAPITAL MARKETS CORP., C.L. KING &
13      ASSOCIATES, INC., CABRERA CAPITAL
        MARKETS, LLC, CASTLEOAK SECURITIES,
14      L.P., COWEN AND COMPANY, LLC.,
        E*TRADE SECURITIES LLC, ITAÚ BBA USA
15      SECURITIES, INC., LAZARD CAPITAL
        MARKETS LLC, LEBENTHAL & CO., LLC,
16      LOOP CAPITAL MARKETS LLC,  M.R. BEAL
17      & COMPANY, MACQUARIE CAPITAL (USA)
        INC., MURIEL SIEBERT & CO., INC.,
18      OPPENHEIMER & CO. INC., PACIFIC CREST
        SECURITIES LLC, PIPER JAFFRAY & CO.,
19      RAYMOND JAMES & ASSOCIATES, INC.,
        SAMUEL A. RAMIREZ & COMPANY, INC.,
20      STIFEL, NICOLAUS & COMPANY,
21      INCORPORATED,  THE WILLIAMS CAPITAL
        GROUP, L.P., and WILLIAM BLAIR &
22      COMPANY, L.L.C.,

23                                            Defendants.

24

25

26

27

28

1    Upon plaintiffs Darryl Lazar, Jennifer Stokes, Matthew Pilgram, Vernon R. Demois Jr.,

2  Elbita Alfonso, Edward J. Shierry, Michael Lieber, Karen Cuker, Brian Gralnick and Harvey

3  Lapin (collectively "Movants") *ex parte* application for an order shortening time for hearing

4  Movants' Motion for Consolidation of Related Cases and Appointment of Co-Lead Class

5  Counsel (the "Consolidation and Leadership Motion") and following consideration of the

6  relevant papers and arguments of counsel, and good cause appearing:

     **IT IS HEREBY ORDERED** that:

7    1.  Any responses to the Consolidation and Leadership Motion shall be filed with this Court

8        and served on all parties to the above-captioned actions no later than June 11, 2012.

9    2.  The Court shall hear argument on the Consolidation and Leadership Motion on June 13,

10       2012.

11 Date:_____              _____

12                                     HON. _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  LIONEL Z. GLANCY (#134180)
   MICHAEL GOLDBERG (#188669)
2  ROBERT V. PRONGAY (#270796)
   CASEY E. SADLER (#274241)
3  GLANCY BINKOW & GOLDBERG LLP
   1925 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone:     (310) 201-9150
5  Facsimile:     (310) 201-9160
6  Email:         info@glancylaw.com

7  *Attorneys for Plaintiff Darryl Lazar*

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              FOR THE COUNTY OF SAN MATEO

10 DARRYL LAZAR, Individually and On Behalf   | Case No. CIV514065
   of All Others Similarly Situated,           |
11                                             | CLASS ACTION
                        Plaintiff,             |
12                                             | Date: TBD
                     v.                        | Time: TBD
13                                             | Dept: TBD
14 FACEBOOK, INC.,  MARK ZUCKERBERG,
   DAVID A. EBERSMAN, DAVID M.
15 SPILLANE,  MARC L. ANDREESSEN,
   ERSKINE B. BOWLES, JAMES W. BREYER,
16 DONALD E. GRAHAM, REED HASTINGS,
   PETER A. THIEL, MORGAN STANLEY &
17 CO. LLC, J.P. MORGAN SECURITIES LLC,
   GOLDMAN, SACHS & CO., MERRILL
18 LYNCH, PIERCE, FENNER & SMITH
   INCORPORATED, BARCLAYS CAPITAL
19 INC., ALLEN & COMPANY LLC,
   CITIGROUP GLOBAL MARKETS INC.,
20 CREDIT SUISSE SECURITIES (USA) LLC,
   DEUTSCHE BANK SECURITIES INC., RBC
21 CAPITAL MARKETS, LLC, BLAYLOCK
   ROBERT VAN LLC, BMO CAPITAL
22 MARKETS CORP., C.L. KING &
   ASSOCIATES, INC., CABRERA CAPITAL
23 MARKETS, LLC, CASTLEOAK
   SECURITIES, L.P., COWEN AND
24 COMPANY, LLC., E*TRADE SECURITIES
   LLC, ITAÚ BBA USA SECURITIES, INC.,
25 LAZARD CAPITAL MARKETS LLC,
   LEBENTHAL & CO., LLC, LOOP CAPITAL
26 MARKETS LLC,  M.R. BEAL & COMPANY,
27
28

PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO CONSOLIDATE ALL RELATED ACTIONS AND APPOINT CO-LEAD COUNSEL

| | |
|---|---|
| 1 | MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., |
| 2 | OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY |
| 3 | & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL A. RAMIREZ & COMPANY, |
| 4 | INC.,  STIFEL, NICOLAUS & COMPANY, INCORPORATED, THE WILLIAMS |
| 5 | CAPITAL GROUP, L.P., and WILLIAM |
| 6 | BLAIR & COMPANY, L.L.C., |
| 7 | _____Defendants._____ |
| 8 | JENNIFER STOKES , Individually and On Behalf of All Others Similarly Situated, |
| 9 | Plaintiff, |
| 10 | |
| 11 | v. |
| 12 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. |
| 13 | SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, |
| 14 | DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. |
| 15 | LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO., MERRILL |
| 16 | LYNCH, PIERCE, FENNER & SMITH INCORPORATED, BARCLAYS CAPITAL |
| 17 | INC., ALLEN & COMPANY LLC, CITIGROUP |
| 18 | GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK |
| 19 | SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK ROBERT VAN LLC, BMO |
| 20 | CAPITAL MARKETS CORP., C.L. KING & |
| 21 | ASSOCIATES, INC., CABRERA CAPITAL MARKETS, LLC, CASTLEOAK SECURITIES, |
| 22 | L.P., COWEN AND COMPANY, LLC., E*TRADE SECURITIES LLC, ITAÚ BBA USA |
| 23 | SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, |
| 24 | LOOP CAPITAL MARKETS LLC,  M.R. BEAL |
| 25 | & COMPANY, MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., |
| 26 | OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., |
| 27 | RAYMOND JAMES & ASSOCIATES, INC., |
| 28 | SAMUEL A. RAMIREZ & COMPANY, INC., |

Case No. CIV514107
Date Filed: May 23, 2012

| | | |
|---|---|---|
| 1 | STIFEL, NICOLAUS & COMPANY, INCORPORATED, THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 2 | | |
| 3 | | |
| 4 | Defendants. | |
| | MATTHEW PILGRAM, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514111 |
| 5 | | Date Filed: May 23, 2012 |
| 6 | Plaintiff, | |
| 7 | v. | |
| 8 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. LLC,BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING & ASSOCIATES, INC., CABRERA CAPITAL MARKETS, LLC, CASTLEOAK SECURITIES, L.P., COWEN AND COMPANY, LLC., E*TRADE SECURITIES LLC, ITAÚ BBA USA SECURITIES, INC., LAZARD CAPITAL MARKETS LLC, LEBENTHAL & CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE CAPITAL (USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., PACIFIC CREST SECURITIES LLC, PIPER JAFFRAY & CO., RAYMOND JAMES & ASSOCIATES, INC., SAMUEL A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

1 | VERNON R. DeMOIS JR., Individually and on Behalf of All Others Similarly Situated, | Case No. CIV514163
Date Filed: May 25, 2012

Plaintiff

2

3                          v.

4 FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE,
5 MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, DONALD E.
6 GRAHAM, REED HASTINGS, PETER A. THIEL, AND MORGAN STANLEY & CO. LLC.

7

8                          Defendants.

9

ELBITA ALFONSO, Individually and on Behalf of All Others Similarly Situated,
10                                                        Case No. CIV514171

Plaintiff
11                                                        Date Filed: May 25, 2012

12                          v.

13 FACEBOOK, INC., MARK ZUCKERBERG, DAVID A. EBERSMAN, DAVID M. SPILLANE,
MARC L. ANDREESSEN, ERSKINE B.
14 BOWLES, JAMES W. BREYER, DONALD E. GRAHAM, REED HASTINGS, PETER A.
15 THIEL, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN,
16 SACHS & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,
17 BARCLAYS CAPITAL INC., ALLEN & COMPANY LLC, CITIGROUP GLOBAL
18 MARKETS INC.C, REDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE BANK
19 SECURITIES INC., RBC CAPITAL MARKETS, LLC, and WELLS FARGO SECURITIES, LLC,
20
                           Defendants.
21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND
MOTION TO CONSOLIDATE ALL RELATED ACTIONS AND APPOINT CO-LEAD COUNSEL

| | | |
|---|---|---|
| 1 | EDWARD J. SHIERRY, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514172<br>Date Filed: May 25, 2012 |
| 2 | | |
| | Plaintiff, | |
| 3 | | |
| | v. | |
| 4 | | |
| 5 | FACEBOOK, INC., MARK ZUCKERBERG, DAVID E. EBERSMAN, DAVID M. | |
| 6 | SPILLANE, MARC L. ANDREESSEN, ERSKINE B. BOWLES, JAMES W. BREYER, | |
| 7 | DONALD E. GRAHAM, REED HASTINGS, PETER A. THIEL, MORGAN STANLEY & CO. | |
| 8 | LLC, GOLDMAN, SACHS & CO., BARCLAYS CAPITAL INC., ALLEN & | |
| 9 | COMPANY LLC, CITIGROUP GLOBAL | |
| 10 | MARKETS INC., CREDIT SUISSE SECURITIES (USA) LLC, DEUTSCHE | |
| 11 | BANK SECURITIES INC., RBC CAPITAL MARKETS, LLC, BLAYLOCK | |
| 12 | ROBERT VAN LLC, BMO CAPITAL MARKETS CORP., C.L. KING & | |
| 13 | ASSOCIATES, INC., CABRERA CAPITAL | |
| 14 | MARKETS, LLC, CASTLEOAK SECURITIES, L.P, COWEN AND COMPANY, LLC., | |
| 15 | E*TRADE SECURITIES, LLC, ITAU BBA USA SECURITIES, INC., LAZARD | |
| 16 | CAPITAL MARKETS LLC, LEBENTHAL & | |
| 17 | CO., LLC, LOOP CAPITAL MARKETS LLC, M.R. BEAL & COMPANY, MACQUARIE | |
| 18 | CAPITAL(USA) INC., MURIEL SIEBERT & CO., INC., OPPENHEIMER & CO. INC., | |
| 19 | PACIFIC CREST SECURITIES LLC, PIPER JAFFRA Y & CO., RAYMOND JAMES | |
| 20 | & ASSOCIATES, INC., SAMUEL | |
| 21 | A. RAMIREZ & COMPANY, INC., STIFEL, NICOLAUS & COMPANY, INCORPORATED, | |
| 22 | THE WILLIAMS CAPITAL GROUP, L.P., and WILLIAM BLAIR & COMPANY, L.L.C., | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | MICHAEL LIEBER, Individually and On Behalf of All Others Similarly Situated, | Case No. CIV514193<br>Date Filed: May 29, 2012 |
| 27 | | |
| | Plaintiff, | |
| 28 | | |